Vincent Galvin (#104448)
Mike H. Madokoro (#146970)
Chancellor W. Tseng (#322236)
BOWMAN AND BROOKE LLP
1741 Technology Drive, Suite 200
San Jose, CA 95110-1364
Telephone: (408) 279-5393
Facsimile: (408) 279-5845
Vincent.galvin@bowmanandbrooke.com
Mike.madokoro@bowmanandbrooke.com
Chancellor.tseng@bowmanandbrooke.com

Attorneys for Defendant
Tesla, Inc.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| TOMOMI UMEDA, an individual, on behalf of herself and as successor in interest to YOSHIHIRO UMEDA, deceased, and MIYU UMEDA, individually and on behalf of herself and as heir to YOSHIHIRO UMEDA, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>TESLA, INC.<br><br>Defendants. | Case No. 5:20-cv-2926-SVK<br>Honorable Susan van Keulen<br>Courtroom 6 – 4th Floor<br><br>**DEFENDANT TESLA, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>Action Filed: April 28, 2020 |

Defendant, Tesla, Inc. d/b/a Tesla Motors, Inc. ("Tesla") files its Answer to Plaintiffs'

Tomomi Umeda, an individual, on behalf of herself and as successor in interest to Yoshihiro

Umeda, deceased, and Miyu Umeda, individually and on behalf of herself and as heir to

Yoshihiro Umeda, deceased, ("Plaintiffs") unverified Complaint as follows:

**ANSWER**

1.      Paragraph 1 does not require a response.

2.      With respect to paragraphs 2, 3, 4, 5 and 6 (and associated footnotes), these

allegations are argumentative and include unsubstantiated statements that are not necessary to

plead the allegations in this action.  Tesla admits this action involves a crash that occurred near Tokyo, Japan on April 29, 2018 involving residents of Japan where the Tesla driver was operating his Model X with the Autopilot driver assistance feature enabled.  Contrary to the instructions in the Tesla Owner's Manual, the driver of the Model X failed to maintain control of the vehicle when the vehicle came upon road conditions requiring driver intervention.  The driver's failure was reportedly due to drowsy driving.  As a result, he crashed into the stopped vehicles and Plaintiffs' husband and father, decedent, Mr. Umeda. The driver of the Model X was tried in Japan and is currently serving a three-year jail sentence in Japan because he caused Mr. Umeda's death due to his faulty driving and failure to maintain control of his vehicle. Tesla denies any defect in the design of the Model X caused or contributed to the crash or Mr. Umeda's death.  Tesla denies "patent defects in Tesla's Autopilot technology and suite of driver assistance features, particularly in regard to  Tesla's driver monitoring system…" (Compl. ¶4).

3.      With respect to paragraphs 7 and 8, the allegations are argumentative, and Tesla denies them and any inference from them that any defect in the Model X caused or contributed to the crash or Mr. Umeda's death.

4.      With respect to paragraph 9, Tesla denies the Model X was defectively designed and denies any defect in the Model X caused or contributed to the crash or Mr. Umeda's death.

5.      With respect to paragraph 10, Tesla admits this paragraph contains portions of Plaintiffs' arguments and claims in an argumentative and rhetorical fashion.  Tesla denies the allegations to the extent they are intended to claim or infer that any defect in the Model X caused and contributed to the crash and Mr. Umeda's death.

6.      Tesla admits the allegations in paragraphs 11, 12 and 13.

7.      As phrased, Tesla denies the allegations in Paragraph 14 except to the extent it admits it is a manufacturer of electric vehicles and some of its vehicles are equipped with features included within Tesla's proprietary Autopilot driver assistance technology.

8.      Tesla lacks sufficient information or belief to admit or deny the allegations in paragraphs 15 and 16, and on that basis denies them.

9.      With respect to paragraphs 17, 18, 19, 20, 21 and 22, Tesla admits that it is a Delaware corporation with its principal place of business in Palo Alto, California, and that it is in the business of designing, testing, assembling, supplying, selling, exporting and distributing its vehicles, many of which are equipped with Tesla's Autopilot suite of driver assistance features. Tesla further admits the Model X involved in the crash that gave rise to this action was manufactured and assembled in the City of Fremont, Alameda County, California, though the vehicle was sold in Japan to a Japanese citizen and resident, and was serviced in Japan. Tesla denies venue is proper and does not agree with Plaintiffs' argumentative allegations intended to suggest their case should remain in the United States. Tesla will be filing a motion to dismiss the case based on *forum non-conveniens*. Japan has product liability law; the statute of limitations has not run and Plaintiffs can sue Tesla in Japan. As to any remaining allegations contained within the referenced paragraphs, Tesla lacks sufficient information or belief to admit or deny the allegations, and on that basis denies them.

10.     With respect to paragraph 23, 24, 25, 26, 27, 28 and 29, Tesla admits this action involves a crash that occurred near Tokyo, Japan on April 29, 2018 involving residents of Japan where the Tesla driver was operating his Model X with the Autopilot driver assistance feature enabled. Contrary to the instructions in the Tesla Owner's Manual, the driver of the Model X failed to maintain control of the vehicle when the vehicle came upon road conditions requiring driver intervention. The driver's failure was reportedly due to drowsy driving. As a result, he crashed into the stopped vehicles and Plaintiffs' husband and father, decedent, Mr. Umeda. The driver of the Model X was tried in Japan and is currently serving a three-year jail sentence in Japan because he caused Mr. Umeda's death due to his faulty driving and failure to maintain control of his vehicle. Tesla denies any defect in the design of the Model X caused or contributed

to the crash or Mr. Umeda's death.  As to any remaining allegations contained within the referenced paragraphs, Tesla lacks sufficient information or belief to admit or deny the allegations, and on that basis denies them.

11.      Tesla denies the allegations in paragraphs 30, 31, 32, 33, 34, 35, 36 and 37.

12.      Paragraphs 38-69, 63, 64, 65, 66, 67, 68, 69, 80, 81 and 82 (and associated footnotes): although styled as allegations, Plaintiffs have cobbled together hearsay materials from NTSB reports, articles, and other third-party sources to argue their case in their Complaint. Their "allegations" include only snippets from those third-party materials that are argumentative and incomplete. Tesla denies that these allegations support or prove that a defect in the Model X caused or contributed to the crash or death of Mr. Umeda in this case or that any alternative design would have changed the outcome of this crash.  As to any remaining allegations contained within the referenced paragraphs, Tesla lacks sufficient information or belief to admit or deny the allegations, and on that basis denies them.

13.      Tesla denies paragraphs 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, and 83 as phrased.

14.      Tesla denies paragraph 84.

15.      Tesla incorporates by reference its responses above.

16.      Tesla admits paragraph 86, except that Tesla does not "rent" vehicles.

17.      Tesla denies paragraphs 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102-108, 109-112, and 113-136.

## DEFENSES AND AFFIRMATIVE DEFENSES

Tesla has not yet had the opportunity to complete its discovery or investigation of this matter and, therefore, relies upon the following defenses which may prove applicable after discovery or at trial:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

Neither the Complaint nor any of the causes of action stated in it allege facts sufficient to constitute a cause of action against Tesla.

## SECOND AFFIRMATIVE DEFENSE

### (Comparative Fault)

Tesla is informed and believes, and on that basis alleges, that Plaintiffs, Plaintiff's decedent, and the driver of the Model X were negligent or otherwise at fault for the matters and things alleged in the Complaint, and that negligence and fault contributed directly and proximately to the happening of the incident and to Plaintiffs' damages, if any, so that Plaintiffs' recovery, if any, shall be diminished by the proportion of said negligence and fault.

## THIRD AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Tesla is informed and believes, and on that basis alleges that Plaintiffs—including the decedent—and others whose conduct was imputable to Plaintiffs and Plaintiffs' decedent at the time and place alleged in the Complaint knowingly, voluntarily and freely placed themselves in an unsafe and dangerous position, and therefore assumed all resulting risks of injuries.

## FOURTH AFFIRMATIVE DEFENSE

### (Third Party Liability)

Tesla is informed and believes, and on that basis alleges that the damages Plaintiffs allege, if any, were either wholly or partially caused or contributed to by the persons, firms, corporations, or entities other than Tesla either named or unnamed, and Tesla is

entitled to an apportionment among all such parties according to their responsibilities for such injuries and damages, if any, sustained by Plaintiffs and/or Plaintiffs' decedent.

## FIFTH AFFIRMATIVE DEFENSE

### (Fair Responsibility Act)

Tesla is informed and believes, and on that basis alleges Tesla's liability, if any, is limited pursuant to California Civil Code Section 1431, et seq., and any damages awarded to Plaintiffs against Tesla should be reduced accordingly.

## SIXTH AFFIRMATIVE DEFENSE

### (Intervening/Superseding Actions)

Tesla is informed and believes, and on that basis alleges that the injuries and damages allegedly sustained by Plaintiffs and/or Plaintiffs' decedent, if any, were the direct and proximate result of the intervening and superseding actions of third parties, whether named or unnamed, and not Tesla.

## SEVENTH AFFIRMATIVE DEFENSE

### (State-of-the-Art)

Tesla is informed and believes, and on that basis alleges that at the time the vehicle referred to in Plaintiffs' Complaint was originally sold and delivered and/or otherwise placed into the stream of commerce, it comported with the state-of-the art at the time of manufacture and complied with all applicable government standards and requirements.

## EIGHTH AFFIRMATIVE DEFENSE

### (Abuse/Alteration/Modification)

Tesla is informed and believes, and on that basis alleges that the vehicle referred to in the Complaint was used, abused, altered and/or modified after being placed into the stream of commerce in a manner which was not reasonably foreseeable to Tesla. That use, abuse,

alteration, and/or modification reasonably caused or contributed to the happening of the alleged incident and to the injuries, loss, and damages, if any.

## NINTH AFFIRMATIVE DEFENSE

### (Misuse of Product/Improper Maintenance)

Tesla is informed and believes, and on that basis alleges that the vehicle referred to in the Complaint was misused. That misuse reasonably caused or contributed to the happening of the alleged incident and to the injuries, loss, and damages, if any.

## TENTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

Tesla is informed and believes, and on that basis alleges that Plaintiffs and/or Plaintiffs' decedent have failed to mitigate their damages, if any, in the manner and to the extent required by law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Preemption)

Tesla is informed and believes, and on that basis alleges that Plaintiffs' defect claims are barred, in whole or in part, by the doctrine of preemption.

## TWELFTH AFFIRMATIVE DEFENSE

### (Additional Warnings)

Tesla is informed and believes, and on that basis alleges that no additional warnings would have, or could have prevented the alleged incident, the injuries, loss and damages alleged by Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Duty to Recall or Retrofit)

Tesla is informed and believes, and on that basis alleges that Tesla had no duty to retrofit or issue a recall related to the vehicle given the circumstances and facts alleged in Plaintiffs' Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Nonjoinder or Misjoinder of Necessary Parties)

Tesla is informed and believes, and on that bases alleges, that Plaintiffs have failed to properly join all parties which are necessary or indispensable to this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unconstitutional Claims for Punitive or Other Damages)

Tesla is informed and believes and on that basis alleges that Plaintiffs' claims for statutory, exemplary, or punitive damages or penalties are barred in whole or in part to the extent that such claims violate Tesla's rights to equal protection under the laws, due process, and the right to be free from cruel and unusual punishment and excessive fines as guaranteed by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and by Article I, sections 7 and 17, and Article IV, section 16 of the California Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unconstitutional Punishment Based on Defendant's Wealth)

Tesla is informed and believes and on that basis alleges that Plaintiffs' claims for statutory, exemplary, or punitive damages or penalties are barred in whole or in part to the extent that they are predicated on laws that discriminate against Tesla, by subjecting it to potential imposition of damages or penalties effectively limited only by its wealth, while limiting the amount of such damages that may be awarded against other classes of defendants without a rational basis, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, section 7, of the California Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to State Sufficient Facts to Support Punitive Damages)

Tesla is informed and believes, and on that basis alleges, that neither the Complaint nor any cause of action alleged therein states facts sufficient to entitle Plaintiffs to an award of punitive damages against Tesla.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Choice of Law)

California law may not apply in this case. Tesla hereby gives notice that it intends to rely on and reserves its right to assert such other or related defenses as they become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of Japan, or in the event it becomes apparent that the facts on which this action is premised lack any necessary nexus to California.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Improper and/or Inconvenient Venue/Forum)

Tesla is informed and believes, and on that basis alleges that Plaintiffs' Complaint is improperly or inconveniently venued and the action should have been brought in Japan. Specifically, the vehicle at issue in Plaintiffs' Complaint was sold and serviced in Japan, the causes of action stated in the Complaint, arose in Japan, all witnesses to the crash and the alleged injuries and damages sustained by Plaintiffs and their decedent are in Japan, and discovery limitations concerning the ability for a litigant in the United States to obtain discovery from a Japanese citizen in Japan effectively prevent Tesla from discovery that United States law allows. Tesla reserves the right and intends to file a motion to dismiss the case based on *forum non conveniens*.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Settlement or Credit)

Tesla is entitled to a set off, under California Code of Civil Procedure section 877(a), for all sums of money by settlement or judgment, or otherwise entered into and received by Plaintiffs from any party or non-party to this action. Tesla is entitled to a set-off from any recovery against it to the extent of any insurance benefits paid or payable to or on behalf of Plaintiffs and/or Plaintiffs' decedent.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses Reserved Pending Discovery)

Tesla alleges that it may have additional affirmative defenses available that are not now fully known. Tesla reserves the right to assert additional affirmative defenses after they have been determined.

WHEREFORE, Defendant Tesla, Inc. ("Tesla") prays as follows:

1.      Plaintiffs take nothing by their Complaint;

2.      For judgment in favor of defendant Tesla;

3.      For its costs; and

4.      For such other and further relief as the court deems proper.

### DEMAND FOR JURY TRIAL

Tesla hereby demands a trial by jury in the event this matter remains in the United States.

Dated: May 22, 2020                                BOWMAN AND BROOKE LLP

_____

Vincent Galvin
Mike H. Madokoro
Chancellor W. Tseng
Attorneys for Defendant
Tesla, Inc.