Edward C. Chen (SBN 312553)
LAW OFFICES OF EDWARD C. CHEN
1 Park Plaza, Suite 600
Irvine, CA 92614
Telephone: (949) 287-4278
Facsimile: (626) 385-6060
Edward.Chen@edchenlaw.com

Joel Greer (*pro hac vice pending*)
Nathaniel Reisenberg (*pro hac vice pending*)
ZELO (Foreign Law Joint Enterprise)
NTT Hibiya Building 8F
1-1-6 Uchisaiwaicho, Chiyoda-ku
Tokyo 100-0011
Telephone: +81 3 6868 6770
joel.greer@zelojapan.com
nathan.reisenburg@zelojapan.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| TOMOMI UMEDA, an individual, on behalf of herself and as successor in interest to YOSHIHIRO UMEDA, deceased, and MIYU UMEDA, a minor, individually and on behalf of herself and as heir to YOSHIHIRO UMEDA, deceased,<br><br>        Plaintiffs,<br><br>        v.<br><br>TESLA, INC. dba TESLA MOTORS, INC. and DOES 1-10, inclusive,<br><br>        Defendant. | Case No.:  5:20-cv-2926-SVK<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT TESLA, INC.'S MOTION TO DISMISS**<br><br>**[Declarations of Edward Chen, Shotaro Nagai, Toshifumi Minami, Shuhei Sasaki, and Plaintiffs' Request for Judicial Notice filed concurrently herewith]**<br><br><br>Date:        August 25, 2020<br>Time:        10:00 a.m.<br>Judge:      Honorable Susan van Kuelen<br>Courtroom:  Courtroom 6 – 4th Floor |

**TABLE OF CONTENTS**

I.       INTRODUCTION ............................................................................ 1

II.     FACTUAL BACKGROUND ............................................................ 2

III.    LEGAL STANDARD ...................................................................... 3

IV.    ARGUMENT .................................................................................. 4

      A.    Japan is an Available, Adequate Forum ................................ 4

      B.    The Private Interest Factors Weigh Strongly In Favor Of Retaining Plaintiffs' Action In This Forum ................................................................... 4

           1.    *An overwhelming number of material and important witnesses are in this forum or elsewhere in the United States.* .......................................... 4

           2.    *This forum is the most convenient forum.* ............................... 7

           3.    *Access to physical evidence and other sources of proof* ............ 9

           4.    *Whether unwilling witnesses can be compelled to testify.* ..... 10

           5.    *Cost of bringing witnesses to trial.* ........................................ 11

           6.    *Enforceability of the judgment.* .............................................. 12

           7.    *All other practical problems that make trial of a case easy, expeditious and inexpensive.* ....................................... 12

      C.    The Public Interest Factors Weigh Strongly Against Dismissal ............... 13

           1.    *Local interest in the lawsuit.* ................................................. 13

           2.    *Japan did not show interest in addressing the defects in Tesla's Autopilot technology during the criminal case and has abstained from investigating concerns about Autopilot.* ......................................... 15

           3.    *Japan is not more convenient because its courts also are very busy and are experiencing delays due to the COVID-19 pandemic.* ......................... 15

      D.    The Court Should Impose Conditions In The Unlikely Event That It Orders Dismissal .......................................................... 16

V.      CONCLUSION ........................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*Bos. Telecommunications Grp., Inc. v. Wood*, 588 F.3d 1201 (9th Cir. 2009) ........................................ 4

*Carijano v. Occidental Petroleum Corp.,* 643 F.3d 1216 (9th Cir. 2011) ..................3-5, 7, 10, 12-14, 16

*Cinematix, LLC v. Einthusan*, Case No. 19-cv-02749-EMC, 2020 WL 227180

    (N.D. Cal. Jan. 15, 2020) ............................................................................................................ 4

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.,*

    No. 2672 CRB (JSC), 2017 WL 66281 (N.D. Cal. Jan. 4, 2017) ....................................... 7

*Kedkad v. Microsoft Corp., Inc.,* No. C13-0141-THE, 2013 WL 5945807

    (N.D. Cal. Nov 4, 2013) ................................................................................................. 3, 9

*Kleiner v. Spinal Kinetics, Inc.*, No. 5:15-cv-02179-EJD, 2016 WL 1565544

    (N.D. Cal. Apr. 19, 2016) .................................................................................................. 11

*Leetsch v. Freedman*, 260 F.3d 1100 (9th Cir. 2001) ................................................................. 16

*Lehman v. Humphrey Cayman, Ltd.*, 713 F.2d 339 (8th Cir. 1983) ........................................ 13

*Lueck v. Sundstrand Corp.*, 236 F.3d 1137 (9th Cir. 2001). ......................................... 3, 4, 6, 7, 9, 11

*Ravelo Monegro v. Rosa*, 211 F.3d 509 (9th Cir. 2000) ........................................................ 4, 5

*Ridgway v. Phillips*, 383 F. Supp. 3d 938  (N.D. Cal. 2019) ................................................... 3

*Tuazon v. R.J. Reynolds Tobacco Co.,* 433 F.3d 1163 (9th Cir. 2006).................................... 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    INTRODUCTION

The crux of this case concerns a California-based, California-headquartered, and California-founded auto manufacturer and its failure in addressing fundamental driver safety issues and flaws in the design and development of its autonomous, self-driving vehicle technology, including as to basic driver awareness and engagement monitoring systems.  Notwithstanding the undeniable roots in this forum that this California auto manufacturer, popularly known as Tesla, has, the actions and inactions of this Californian company can reach and affect the lives of individuals across the world.   Therefore, it follows that, where its actions and inactions cause harm, this same company should be held to face the allegations and claims asserted against it, in the forum where the company is headquartered and where an overwhelming amount of evidence and facts giving rise to the same are located.

Plaintiffs Tomomi Umeda and Miyu Umeda, individually and on behalf of themselves and as successor-in-interest and heir, respectively, to Yoshihiro Umeda, deceased, ("Plaintiffs"), filed this action against Defendant Tesla, Inc. ("Defendant" or "Tesla"), which arises from the world's first pedestrian fatality caused by Tesla's defective Autopilot system and suite of driver assistance technologies ("Autopilot").  While the underlying accident occurred in Japan, Tesla's attempt to characterize this action as one that is almost exclusively "Japanese" is unfounded and misleading.  Plaintiffs' allegations center on Tesla's Autopilot, including Tesla's design, development, manufacture, marketing, sales, and monitoring of this defective semi-autonomous vehicle system and its technologies, as well as on Tesla's decision-making processes in connection with all of these activities.  Plaintiffs further allege that Tesla knew or should have known about these dangerous flaws when it designed, developed, manufactured, marketed, sold, and monitored vehicles equipped with Autopilot.

Upon information and belief, Plaintiffs also allege that all of the individuals, actions, documents, and other evidence pertaining to Tesla's Autopilot technology are or were located in Palo Alto, California, where Tesla has its headquarters and principal place of business, and which lies directly within the jurisdiction of this Court.  Not only is Tesla headquartered in this forum, but Tesla created, designed, developed, and continues to modify Autopilot in this forum, and Tesla's current and former managers and

1

engineers involved with the design and development of Autopilot reside and/or work in this forum or elsewhere in the United States subject to this Court's subpoena powers. Moreover, this forum and indeed California as a whole contain a significant number of Tesla vehicles equipped with Autopilot, which, Plaintiffs allege, are dangerously defective. Contrary to Tesla's assertions, this forum has a substantial interest in litigating Plaintiffs' product liability and wrongful death claims as they relate to Tesla's Autopilot and suite of driver assistance technologies.

Tesla now seeks dismissal of this action on grounds that litigating this case in Japan would be more convenient. In doing so, Tesla overemphasizes the importance and materiality of the underlying accident and disregards the issues at the crux of this action regarding Tesla's design, development, manufacture, marketing, and sale of its Autopilot technology, as well as Tesla's decision-making in relation thereto, which, as noted, took place and continues to take place in this forum. In ruling on Tesla's dismissal motion for *forum non conveniens*, the Court is to address the adequacy of the alternative forum and to take various private and public interest factors into consideration. While Plaintiffs do not dispute that Japan may be an alternative forum, an assessment of the private and public interest factors makes clear that this forum is the most convenient forum for the parties. Tesla fails to meet its burden by a clear showing that litigating in this forum is so oppressive and vexatious as to warrant dismissal. Indeed, this case is all about the Autopilot technology that Tesla defectively created, designed, and released to the entire world prematurely and dangerously, with the vast majority of the key witnesses and documentary evidence located within this forum, thereby justifying an order from the Court to retain jurisdiction in this forum.

For these reasons and as discussed herein, Plaintiffs respectfully request that the Court deny Tesla's motion to dismiss based on *forum non conveniens*.

## II.   FACTUAL BACKGROUND

On April 29, 2018, a Tesla Model X vehicle with Autopilot engaged fatally struck and killed a pedestrian, Mr. Yoshihiro Umeda, in Japan. The driver of the Tesla Model X vehicle had both hands on the steering wheel as instructed by Tesla, and the Autopilot system believed that the driver was alert. The fact is, however, that the driver had fallen asleep with both hands still on the steering wheel when the

2

Tesla Model X suddenly accelerated and crashed into a group of parked vehicles and pedestrians, killing Mr. Umeda.  (Compl. ¶¶ 25-28.)  Tesla's own log data reveals that the Autopilot system failed to identify any people or vehicles ahead of it.  *Id.* at ¶ 28.

On April 28, 2020, Plaintiffs initiated this action by filing suit in the forum where Tesla's headquarters is located and where a majority of the decisions and acts that gave rise to Tesla's Autopilot technology were made and occurred, and alleging that Tesla failed to implement and adopt the use of more effective and reasonable alternative methods of measuring driver engagement, among other things, ultimately leading to the tragic death of Mr. Umeda. *Id.* at ¶¶ 2-10.

## III.    LEGAL STANDARD

A party moving to dismiss based on *forum non conveniens* bears the burden of showing that (1) there is an adequate alternative forum, and (2) the balance of private and public interest factors favors dismissal.  *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142-43 (9th Cir. 2001).  Dismissal pursuant to the doctrine of *forum non conveniens* is a "'drastic exercise of the court's inherent power' and one that is 'an exceptional tool to be employed sparingly.'"  *Kedkad v. Microsoft Corp., Inc.,* No. C13-0141-THE, 2013 WL 5945807, at *2 (N.D. Cal. Nov 4, 2013) (citing *Carijano v. Occidental Petroleum Corp.,* 643 F.3d 1216, 1224 (9th Cir. 2011)).  "'The mere fact that a case involves conduct or plaintiffs from overseas is not enough for dismissal . . . A defendant must show that the chosen forum results in 'oppressiveness and vexation . . . out of all proportion' to the Plaintiff's convenience."  *Id.*; *see also Ridgway v. Phillips*, 383 F. Supp. 3d 938, 948-49 (N.D. Cal. 2019) (defendants must make a clear showing of facts establishing that litigating in this forum is so "oppressive and vexatious" as to be "out of proportion to plaintiff's convenience."); *Tuazon v. R.J. Reynolds Tobacco Co.,* 433 F.3d 1163, 1181-82 (9th Cir. 2006) ("Juries routinely address subjects that are totally foreign to them, ranging from the foreign language of patent disputes to cases involving foreign companies, foreign cultures and foreign languages.").   "Ordinarily, a plaintiff's choice of forum will not be disturbed unless the 'private interest' and the 'public interest' factors strongly favor trial in a foreign country."  *Lueck, supra*, 236 F.3d at 1145.  While a foreign plaintiff's choice of forum is entitled to less deference, "'less deference is not the same thing as no deference.'"

*Carijano,* 643 F.3d at 1227 (citing *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000)).   As discussed herein, Tesla's motion to dismiss based on *forum non conveniens* should be denied.

## IV.   ARGUMENT

### A.  Japan is an Available, Adequate Forum

"[A] foreign forum will be deemed adequate unless it offers no practical remedy for the plaintiff's complained of wrong." *Lueck*, *supra*, 236 F.3d at 1144.  Plaintiffs do not dispute the fact that a Japanese court would be capable of offering *some* remedy for their claims (although Plaintiffs observe that Japan does not award punitive damages which Plaintiffs consider justified in this case to deter Tesla from further wrongdoing). (Declaration of Shotaro Nagai ("Nagai Decl.") ¶ 6.)  Plaintiffs concede that Tesla is able to meet this low threshold of establishing the existence of an alternative forum, but Tesla has not, and cannot, establish the higher standard of showing required for dismissal pursuant to *forum non conveniens* grounds. As discussed further, both the private and public interest factors that the Court is to consider in rendering its decision decisively weigh in favor of this action proceeding in the present forum.

### B.  The Private Interest Factors Weigh Strongly In Favor Of Retaining Plaintiffs' Action In This Forum

The private interest factors include: (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious, and inexpensive.  *Cinematix, LLC v. Einthusan*, Case No. 19-cv-02749-EMC, 2020 WL 227180, at *2  (N.D. Cal. Jan. 15, 2020) (citing *Bos. Telecommunications Grp., Inc. v. Wood*, 588 F.3d 1201, 1206-07 (9th Cir. 2009)). These private interest factors clearly weigh against dismissal and in favor of retaining Plaintiffs' action in this forum.

> 1.   *An overwhelming number of material and important witnesses are in this forum or elsewhere in the United States.*

Tesla is headquartered and has its principal place of business in this forum, and most, if not all, of Tesla's Autopilot team resides and/or works in this forum.  Complaint, ¶¶ 13, 17-22.  As set out in

Plaintiffs' counsel's evidence preservation letter to Tesla's counsel dated July 14, 2020, Plaintiffs intend to seek written discovery and deposition testimony from at least three dozen former and current Tesla employees who were and/or are involved in the design, development, manufacture, monitoring, maintenance, marketing, sale, and monitoring of Tesla's Autopilot system and technologies. (Declaration of Edward Chen ("Chen Decl.") ¶ 2-3, Exh. A). Upon information and belief, these individuals, who include senior managers, engineers, and other individuals involved in the key decisions regarding the design and development of Autopilot, reside and/or work in this forum or elsewhere in the United States subject to this Court's subpoena powers. *Id.* The discovery Plaintiffs intend to seek from these individuals is highly relevant and material to Plaintiffs' allegations that, among other things, in designing and developing Autopilot, Tesla installed driver engagement monitoring systems that it knew or should have known were ineffective and instead implemented an entirely inadequate "hands-on" method of measuring driver engagement and awareness. *See Ravelo*, *supra* 211 F.3d at 513-14 ("plaintiffs' chosen forum is more than merely the American defendants' home forum. It is also a forum with substantial relation to the action.").

In support of its motion to dismiss, Tesla relies on the undisputed facts that the Tesla car accident in which Mr. Umeda was killed occurred in Japan and that Plaintiffs and a relatively small number of individuals who were involved in or witnessed this accident or its aftermath are residents of Japan. (Tesla's Motion to Dismiss ("Tesla's Mot.") p. 4, ln. 15-20.) Tesla's repeated emphasis of this circumstance ignores that here, just as in *Carijano*, *supra* 643 F.3d at 1230, "Plaintiffs' claims turn not on the physical location of the injury but on the mental state of the [corporate] managers who actually made the decisions that allegedly resulted in the injury." Given the nature of Plaintiffs' allegations concerning Tesla's defective design and development of Autopilot and the decisions Tesla managers and engineers made in this respect, the evidence of individuals who were involved in or witnessed the accident or its aftermath is of relatively lesser importance. *See id.* ("The district court focused on the fact that the contamination allegations at the heart of the complaint took place in the jungles of the Amazon rainforest, but it failed to consider the residence of all of the parties and the true nature of Plaintiffs' claims."). Indeed, Tesla does

not even explain how any potential witnesses in Japan would have evidence that is relevant or material to the allegations at the heart of this matter.

Further, Plaintiffs have in their possession the large majority of documents and other evidence generated during the criminal trial of the individual who drove the Tesla vehicle that hit and killed Mr. Umeda, including various police reports, medical records (including Mr. Umeda's post-mortem certificate), witness statements, the defendant's statements, Tesla's own data log record of the accident, video recording of the accident, testimony, and the criminal court judgment.  (Nagai Decl. ¶¶ 2-4.) Plaintiffs will include this documentary and other evidence in their initial disclosure and are willing produce such evidence to Tesla upon request during discovery.[1]  (Chen Decl. ¶ 7.)  The documentary and other evidence from the criminal trial contains most, if not all, of the information Tesla would be expected to rely upon in support of its affirmative defenses, as well as information relied on by Plaintiffs' in making their claims.   This evidentiary record shows, among other things, that the Tesla vehicle driver was asleep before and at the time of the accident and had his hands on the steering wheel before and at the time of the accident. As alleged in Plaintiffs' Complaint, these facts illustrate the manifest inadequacy of Tesla's "hands-on" method of measuring driver engagement and awareness.  Thus, in contrast to *Lueck*, where the Ninth Circuit panel found that evidence about a plane crash that occurred in the foreign forum was important "because the jury will need to consider the performance of the equipment in relation to the performance of the flight crew," *Lueck*, *supra* 236 F.3d at 1146, here there is little if any additional evidence in Japan that could be gathered or adduced regarding "the performance of the [Autopilot] equipment in relation to the performance of the [Tesla vehicle driver]."

Therefore, this first private interest factor weighs heavily in favor of retaining Plaintiffs' action in this forum.

---

[1] Further, contrary to the assertions of both Defendant, (Tesla's Mot. pg. 4, ln. 21-26), and its Japanese legal expert Mr. Atsushi Yamashita, (Yamashita Decl. ¶ 17), most of this documentary and other evidence, including the criminal court judgment, is or very soon will be accessible to Defendant in Japan.  (Minami Decl., ¶ 14).  In this regard, Plaintiffs observe that among the criminal court evidence are materials prepared by or involving the Tokyo-based law firm of Sonderhoff & Einsel, the firm where Mr. Yamashita is a partner.

1

2        2.   *This forum is the most convenient forum.*

3        This forum, where Tesla is headquartered and has its principal place of business, is the most

4   convenient forum.  Plaintiffs' choice to file in this forum weighs against dismissal.  *See In re Volkswagen*

5   *"Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.,* No. 2672 CRB (JSC), 2017 WL 66281, at

6   *9 (N.D. Cal. Jan. 4, 2017) ("The forum is clearly convenient for Plaintiffs as they brought suit here.").

7   *See also Carijano*, *supra* 643 F.3d at 1230 ("The Achuar Plaintiffs are residents of Peru, but by filing suit

8   in California they indicated a willingness to travel to the United States for trial."), and at 1233 (a

9   "'corporate defendant's state of incorporation and principal place of business is presumptively a

10  convenient forum'") (citation omitted).

11       There is no gainsaying that translation of witness and documentary evidence, as well as travel

12  between either forum, will entail burden and cost for the parties.  Plaintiffs, however, will be faced with

13  far greater inconvenience if this case is tried in Japan.  Most if not all of Tesla's 200 current Autopilot-

14  related team members reside and/or work in this forum, and some two dozen former Tesla employees who

15  were involved in designing and developing Autopilot also reside and/or work in this forum or elsewhere

16  in the United States subject to this Court's subpoena powers.  There is no comparison between the large

17  number of potential witnesses with relevant and material discoverable information who are in this forum,

18  and the small number of individuals in Japan -- the Tesla vehicle driver, witnesses of the accident in which

19  Mr. Umeda was killed, and first responders -- whom Tesla identifies as possible witnesses.

20       Tesla relies on  *Lueck*, *supra* 236 F.3d at 1146, that the "'court should evaluate the materiality and

21  importance of the anticipated evidence and] witnesses' testimony and then determine their accessibility

22  and convenience to the forum,' rather than just the number of witnesses located in the foreign jurisdiction."

23  (Tesla's Mot. p. 4, ln. 10-14.)  Tesla's reliance is misplaced.  The issues at the center of this action and

24  Plaintiffs' allegations are Tesla's failure to address fundamental driver safety issues and flaws in its design,

25  development, manufacture, marketing, and sales of Autopilot, as well as the decision making behind

26  Tesla's failure to do so.  Evidence from Tesla's current and former Autopilot-related managers and

27  engineers is much more material and important to adjudicating these issues and Plaintiffs' allegations than

28

7

is evidence from individuals who were involved in or witnessed the accident in which Mr. Umeda was killed or its aftermath.

In addition, as explained above, Plaintiffs have the large majority of documents and other evidence generated during the criminal trial of the driver whose Tesla vehicle struck and killed Mr. Umeda, and Plaintiffs are willing to produce this evidence to Tesla upon request during discovery.  (Chen Decl. ¶ 7.) This evidence, which contains most if not all of the information that Tesla would be expected to rely upon in support of its affirmative defenses, also is or soon will be accessible to Tesla in Japan. (Declaration of Toshifumi Minami, ("Minami Decl.") ¶ 14.)

Moreover, Plaintiffs would be disproportionately inconvenienced if they had to translate from English into Japanese the extensive and technical documentary evidence about Autopilot relating to their product liability claims, including evidence regarding Tesla's system of tracking driver-applied changes to steering wheel torque to monitor driver engagement.  (Chen Decl. ¶ 3, Exh. A.)  Tesla refers to documentary evidence in Japan such as "incident reports from Japanese authorities, and decedent's medical records from Japanese healthcare providers" and contends that the "near impossibility of sufficiently transporting of all this critical evidence to California weighs heavily in favor of dismissal." (Tesla's Mot. p. 4, ln. 26-27.)   However, the documents in Plaintiffs' possession from the criminal trial of the individual who drove the Tesla vehicle that hit and killed Mr. Umeda include such documentary evidence referenced by Tesla, and during discovery Plaintiffs are willing to produce these documents to Tesla upon request.  Even were this not the case, it beggars belief that a multi-billion dollar motor vehicle company and its national defense counsel would find it "impossibl[e]" to transport such documentary evidence from Japan to the United States.

Lastly, Tesla has previously conceded this forum is convenient in a case brought by a Ukrainian plaintiff against Tesla concerning alleged motor vehicle defects and claims of product liability and personal, despite acknowledging that it would need to depose witnesses and seek document discovery in Ukraine.  (Request for Judicial Notice ("RJN") Exhs. 1, 2.)  Tesla's willingness to proceed with the Ukraine action in this forum directly undermines its claim now that this forum is inconvenient.

This second private interest factor weighs heavily in favor of retaining Plaintiffs' action in this forum.

### 3.   Access to physical evidence and other sources of proof.

As explained above, the overwhelming amount of relevant and material witness and documentary evidence regarding Tesla's Autopilot technology in relation to Plaintiffs' allegations is located either in this forum or elsewhere in the United States subject to this Court's subpoena powers.  Plaintiffs will be seeking such evidence and plan to conduct discovery by requesting documents and taking the depositions of Tesla's current Autopilot team and former Tesla employees who were involved in the development, design, and decision-making surrounding Tesla's Autopilot technology.  (Chen Decl. ¶ 3, Exh. A.)

Plaintiffs will face challenges in seeking discovery with this case in the United States.  Were this case to be dismissed in favor of a Japanese forum, however, Plaintiffs would be unable to compel for depositions and discovery in Japan the presence of non-party witnesses, in particular Tesla's former employees who have relevant and material evidence concerning Tesla's Autopilot technology but over whom Tesla has no control.  (Minami Decl. ¶ 11.)  These former employees include at least three former heads of the Autopilot team, at least one of whom resigned specifically due to concerns over the safety of the Autopilot system.  (RJN, Exhs. 3-5.) Tesla's lack of control over such former employees is a critically distinguishing feature between this action and that in *Lueck*, where the Ninth Circuit panel determined that "[t]he documents and witnesses in the United States are all under the control of Plaintiffs and Defendants, so they can be brought to court, no matter the forum." *Lueck*, *supra* 236 F.3d at 1146.

Tesla argues that this case should be dismissed in favor of a Japanese forum because Japan is not party to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters and the existing protocols pursuant to the U.S.-Japan Consular Convention for conducting depositions in Japan are "strict."  (Tesla's Mot. p. 5, ln. 9-16.)   Tesla's contention fails even to approach the requisite showing of "'oppressiveness and vexation . . . out of all proportion' to the Plaintiff's convenience." *Kedkad, supra* 2013 WL 5945807, at *2.  Even assuming Tesla's characterization is correct (which Plaintiffs do not), it is beyond dispute that Tesla and other U.S. litigants are able to conduct depositions in Japan under the

bilateral Consular Convention and gather evidence otherwise in Japan.  (Minami Decl. ¶¶ 9-10, 13);
(Tesla's Mot. p. 4, ln 14-27, p. 5, ln.1-21.)

In addition, Tesla neglects to mention other mechanisms available to it to seek evidence in Japan,
such as requesting Japanese courts to assist in this respect pursuant to Japan's Act on Assistance Based
on Commission by Foreign Courts.  (Minami Decl. ¶ 10).  Tesla properly acknowledges that "[t]he
Japanese court system is a sophisticated institution." (Tesla's Mot. p. 2, ln. 27-28.)  Further, non-Japanese
litigants may seek help from Japanese counsel to obtain evidence from public offices and private
organizations.  (Minami Decl. ¶ 13)  Thus, for example, Tesla could request such help from the law firm
of its Declarant Mr. Yamashita.

Moreover, Plaintiffs reiterate that, insofar as Tesla seeks evidence from Japan relating to the
accident in which Mr. Umeda was killed,  Plaintiffs have the documentary and other evidence that was
generated during the criminal trial of the individual who drove the Tesla vehicle that struck and killed Mr.
Umeda, and Plaintiffs are willing to produce such evidence to Tesla upon request during discovery. (Chen
Decl. ¶ 7).  As noted, this evidence from the criminal trial contains most, if not all, of the information
Tesla would be expected to rely upon in support of its affirmative defenses.

This third private interest factor weighs strongly in favor of retaining Plaintiffs' action in this
forum.

### 4.   Whether unwilling witnesses can be compelled to testify.

Tesla states that it "understands it is unlikely" that any non-party witnesses to the accident in which
Mr. Umeda was killed, such as the first responders or the driver of the Tesla vehicle, would agree to
discovery in this forum.  (Tesla's Mot. p. 6, ln. 26-28, p. 7, ln. 1.)  Tesla's unsubstantiated statement is
unavailing.  *See Carijano,* 643 F.3d at 1231 (defendant "has not shown, nor does it even represent, that
any witness is unwilling to testify.").  Tesla's statement does not even qualify as a representation.  It is
simply groundless speculation, and it is mistaken.  At least one witness to the accident in which Mr. Umeda
was killed has confirmed with Plaintiffs' counsel his willingness to volunteer himself for discovery in this
forum.  (Declaration of Shuhei Sasaki ("Sasaki Decl.") ¶¶ 2-6.)

Further, with respect to this private interest factor as well the Ninth Circuit has stressed the need to evaluate "'the materiality and importance of the anticipated . . . witnesses' testimony and then determine their accessibility and convenience to the forum.'" *Carijano,* 643 F.3d at 1231.  As previously explained, Plaintiffs' allegations in this action concern Tesla's failure to address fundamental driver safety issues and flaws in the design and development of its Autopilot technology.  Evidence from individuals who were involved in or witnessed the accident in which Mr. Umeda was killed is of comparatively lesser importance to adjudicating these allegations.  Conversely, evidence from Tesla's current and former Autopilot-related managers and engineers is highly material and important to adjudicating Plaintiffs' claims, and these individuals reside and/or work in this forum or elsewhere in the United States and are subject to this Court's subpoena powers.  Were this case dismissed in favor of a Japanese forum, however, Plaintiffs would be unable to compel discovery of non-party witnesses such as Tesla's former Autopilot-related employees who are in the United States.  (Minami Decl. ¶ 11.)

This fourth private interest factor weighs in favor of retaining Plaintiffs' action in this forum.

### 5.   Cost of bringing witnesses to trial.

"The factor relating to the cost of bringing witnesses to trial is largely tied to the location of witnesses with material information regarding the Plaintiff's claims."  *See Kleiner v. Spinal Kinetics, Inc.*, No. 5:15-cv-02179-EJD, 2016 WL 1565544, at *4 (N.D. Cal. Apr. 19, 2016).  In *Kleiner*, this Court reasoned and held that "[t]he key inquiry . . . requires assessing the materiality and importance of these witnesses' testimony and determining whether some of these witnesses are 'critical' and beyond the jurisdiction of domestic courts." *Id.*; *see also Lueck*, *supra*, 236 F.3d at 1146.

For reasons explained earlier, there is no comparison between the large number of potential witnesses among Tesla's current and former Autopilot-related employees who are located in this forum or elsewhere in the United States and whose testimony is highly material and important to adjudicating Plaintiffs' claims, and the relatively small number of potential accident witnesses in Japan whose testimony would be much less material and important.  As such, the travel costs between Japan and California that Tesla cites, (Tesla's Mot. p. 7, ln. 8-9), which apply to both parties, would be alleviated

11

especially for Tesla if this action proceeds in this forum.  *See Carijano*, *supra* 643 F.3d at 1230 (because California is the home of defendant "local litigation would save [its witnesses] the time and expense of traveling to South America.").

In addition, notwithstanding the quantity of documentary evidence generated during the Japanese criminal trial of the Tesla vehicle driver, Plaintiffs expect that that volume of documents that are relevant and material to Plaintiffs' Autopilot-related allegations in the possession, custody, or control of Tesla's current and former employees will be much greater (and likely will include many technical documents). The costs of translating these latter materials into Japanese (both in support of Plaintiffs' claims and Defendant's defenses) will doubtless far exceed the costs of translating the relevant portions of Japanese-language documents into English.

When the translation costs are added to the travel costs of bringing witnesses to trial, this fifth private interest factor weighs heavily in favor of retaining Plaintiffs' action in this forum.

### 6.  *Enforceability of the judgment.*

Tesla indicates that it is willing to stipulate to the enforceability of a Japanese court judgment against it in Japan.  (Tesla's Mot. p. 8, ln. 3-8.)  Tesla, however, has not expressed its agreement to do so elsewhere, which necessarily raises the concern that Tesla might challenge any Japanese court judgment in other jurisdictions.  *See Carijano, supra*, 643 F.3d at 1231-32 (finding that defendant's freedom to attack a Peruvian court judgment in the United States weighed against dismissal).

Based upon Tesla's agreement to enforceability of a Japanese judgment only in Japan, this sixth private interest factor weighs in favor of retaining Plaintiffs' action in this forum.

### 7.  *All other practical problems that make trial of a case easy, expeditious and inexpensive.*

Tesla contends that it would be more efficient to adjudicate this case in Japan because any testimony by Japanese individuals in this Court would have to be provided in English by translators. (Tesla's Mot. p. 8, ln. 10-14.)  Of course, it is equally true that, if this case is adjudicated in Japan, any testimony by English speakers from the United States would need to be provided in Japanese by translators.  Plaintiffs again note that the number of potential witnesses from the United States with

12

material and important information concerning Plaintiffs' claims is large, and certainly far larger than the number of potential witnesses in Japan whom Tesla identifies.  (Chen Decl. ¶ 3, Exh. A.)  As such, the witness testimony translation costs associated with adjudicating this case in Japan would be correspondingly much higher.

While Tesla does not raise the foreseeable inability of impleading the driver of the vehicle at issue in its moving papers, Plaintiffs note that Tesla's answer to Plaintiffs' Complaint includes affirmative defenses of comparative fault, third-party liability, and non-joinder or misjoinder of parties.  (Tesla's *Answer,* pp. 5, 8.)  To the extent that Tesla asserts in its reply brief, for the first time, an inability to implead the driver as a third-party defendant in this forum as a factor in favor of dismissal, such assertions should be disregarded by the Court as it is not a significant factor where Tesla can seek contribution or indemnity from the driver of the vehicle in a separate action if it chooses to do so.  *See Lehman v. Humphrey Cayman, Ltd.*, 713 F.2d 339, 344 (8th Cir. 1983) ("Assuming judgment were rendered against the defendants, they would be free to pursue their claim for contribution or indemnity against Soto in an action in the Cayman Islands.").

This seventh private interest factor weighs in favor of retaining Plaintiffs' action in this forum.

*          *          *

In sum, the private interest factors weigh strongly against dismissal and in favor of retaining Plaintiffs' action in this forum.

### C.  The Public Interest Factors Weigh Strongly Against Dismissal

The public interest factors, as enumerated by the Ninth Circuit in *Carijano,* are: (1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum. *See Carijano*, *supra,* 643 F.3d at 1232.

#### 1.  *Local interest in the lawsuit.*

The local interest factor has the "aim of determining if the forum in which the lawsuit was filed has its own identifiable interest in the litigation which can justify proceeding in spite of the burdens."

13

*Carijano, supra,* 643 F.3d at 1232.  "California courts have repeatedly recognized the state's 'interest in deciding actions against resident corporations whose conduct in this state causes injury to persons in other jurisdictions.'"  *Id.* (citation omitted)

Tesla asserts that, because the Tesla vehicle accident in which Mr. Umeda was killed occurred in Japan and Plaintiffs are Japanese citizens, "California has little if any interest litigating Plaintiffs' claims in this matter."  (Tesla's Notice of Motion, p. 2, ln. 7-8.)  Elsewhere, Tesla even goes so far as to claim that California's interest in this case is "non-existent."  (Tesla's Mot., p. 9, ln. 10.)  These contentions are meritless.  Despite Tesla's attempt to portray this matter as almost purely Japanese, the crux of Plaintiffs' case is about alleged wrongdoing by Tesla that occurred in California and resulted in the death of Mr. Umeda.  (Complaint, ¶¶ 31-33, 38, 58, 62.)

Specifically, Plaintiffs' allegations include that Tesla knew or should have known that its vehicles equipped with Autopilot technology were released for general use despite having completely inadequate driver engagement monitoring systems, and that Tesla failed to install and implement other reasonably available alternatives to monitor driver engagement.  *Id.* at ¶ 62 ("Tesla's current and sole method of determining driver awareness by measuring steering-wheel torque falls fatally short of the standard of care and duty that it has to provide a reasonably safe and defect-free car.").  Plaintiffs further allege that "Tesla has been well aware of the issues plaguing its Autopilot technology suite yet has failed to implement some basic and generally accepted mechanisms that would be an effective solution … [which] completely justifies the imposition of punitive and exemplary damages against Tesla[.]" *Id.*  All of Tesla's actions relating to this wrongdoing, Plaintiffs allege, occurred in Tesla's headquarters in Palo Alto.

Under *Carijano*, notwithstanding that Plaintiffs and the decedent are Japanese, California has a local interest in adjudicating this action and Tesla's alleged wrongdoing.  Even were one to accept Tesla's flawed reasoning that California has no interest in this action because Plaintiffs and the decedent are Japanese, California has a considerable interest in ensuring that its own citizens are protected from Tesla's misconduct.  Tesla has long been one of the leading automotive vehicle sellers in California, and in the first quarter of 2020 one of its vehicle models was the top seller in the state. (*See* RJN, Exhs. 6-7, 9-10).

14

Concerns about automated self-driving vehicle technology, and specifically Tesla's Autopilot, have been the subject of congressional hearings, governmental regulatory investigations, and a large amount of media coverage and public attention in California and the United States generally.   (RJN, Exhs. 8, 11-12).   Indeed, this case implicates the United States national interest and presents this Court with an opportunity to preside over a matter involving cutting-edge technology that is designed and developed within its own forum and distributed worldwide.   California and the United States as a whole have an undeniably strong and important interest in remaining a major, if not the top, authority regarding the field of automated self-driving vehicle technology.  (*See* RJN, Exhs. 8, 11.)

> 2.   *Japan did not show interest in addressing the defects in Tesla's Autopilot technology during the criminal case and has abstained from investigating concerns about Autopilot.*

In contrast to the considerable local public interest in this forum and elsewhere in the United States regarding the subject matter of this action, Japan has not indicated any significant interest in adjudicating or otherwise addressing the issues concerning Autopilot technology that are at the crux of Plaintiffs' allegations here.  As Tesla points out, the driver of the Tesla Model X at issue was criminally prosecuted and convicted in Japanese court.  (Tesla's Mot. p. 4, ln. 18.)  The record of these criminal proceedings reflects little or no serious technical or other analysis of Tesla's Autopilot system.  (Nagai Decl. ¶ 4.)  In addition, this case has not been reported as a consumer accident involving loss of life or bodily harm by any of the relevant administrative agencies in accordance with the Consumer Safety Act of Japan.  *Id.* at ¶ 5.  As such, it can be reasonably inferred that Japan does not have significant interest in such issues concerning Autopilot technology.

> 3.   *Japan is not more convenient because its courts also are very busy and are experiencing delays due to the COVID-19 pandemic.*

Tesla argues that Plaintiffs' action should be dismissed because it would "unduly burden this Court."  (Tesla's Mot. p. 9, ln. 17-18.)  Plaintiffs appreciate that this Court is very busy and has been affected by the COVID-19 pandemic.  Plaintiffs observe, however, that the likely alternative forum for this case, Tokyo District Court, also is very busy, and its activities have been, and continue to be, affected

by the COVID-19 pandemic as well.  (Minami Dec. ¶ 15.)  Accordingly, Tesla's assertions regarding the effects of the COVID-19 pandemic as it relates to this public interest factor does not weigh in favor of dismissal of this action.  *See Carijano*, *supra,* 643 F.3d at 1233 (court congestion and burden factors are neutral where local and non-local courts are similarly burdened).

In sum, the public interest factors weigh in favor of retaining Plaintiffs' action in this forum.

### D.  The Court Should Impose Conditions In The Unlikely Event That It Orders Dismissal

While conditions on dismissal are generally not necessary in a *forum non conveniens* dismissal, they may be necessary to ensure that the defendant does not defeat the adequacy of a foreign forum. *Leetsch v. Freedman*, 260 F.3d 1100, 1104 (9th Cir. 2001).  Here, if the Court is minded to dismiss Plaintiffs' action on grounds of *forum non conveniens*, Plaintiffs respectfully request that such dismissal be conditioned upon Tesla's agreement to the following:

1. Tesla agrees to the enforceability of any Japanese judgment obtained by Plaintiffs not only in Japan, but also in California or elsewhere in the United States where Tesla has assets.

2. Tesla agrees to make available those of its employees whom Plaintiffs seek to depose and to ensure its full cooperation with the production of documents that are relevant and material to Plaintiffs' allegations.

3. Tesla agrees to toll any and all applicable statute of limitations and to waive the right to assert a statute of limitations defense in a Japanese forum.

## V.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Tesla's Motion to Dismiss and allow this case to proceed on the merits in this forum.


Dated:  July 29, 2020                    By:      */s/ Edward C. Chen*
                                                      Edward C. Chen
                                                      LAW OFFICES OF EDWARD C. CHEN
                                                      *Attorneys for Plaintiffs*

16