UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMOMI UMEDA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TESLA INC.,<br><br>    Defendant. | Case No. 20-cv-02926-SVK<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ON GROUNDS OF FORUM NON CONVENIENS**<br><br>Re: Dkt. No. 15 |

On April 29, 2018, near Tokyo, Japan, Yoshihiro Umeda was struck and killed by a Tesla Model X vehicle while standing on the side of an expressway. At the time of the crash, the Autopilot system on the Tesla was engaged. The driver of the Tesla; the victim, Mr. Umeda; and Plaintiffs in this case, who are Mr. Umeda's spouse and child, are all Japanese citizens, and the Tesla involved in the crash was sold in Japan. The Defendant in this lawsuit, Tesla Inc., is headquartered in Palo Alto, California, which is within this judicial district. Plaintiffs seek damages, including punitive damages, from Tesla under theories including strict products liability and negligence. *See* Dkt. 1 (Complaint) ¶¶ 133-136. All parties have consented to the jurisdiction of a magistrate judge. Dkt. 6, 9.

In the present motion to dismiss, Tesla argues that this case should be dismissed under the doctrine of *forum non conveniens* because Japan is a suitable and more appropriate venue. Dkt. 15. Plaintiffs oppose the motion to dismiss, arguing that the case should remain in this California district court. Dkt. 21. Plaintiffs also ask the Court to take judicial notice of 12 documents in connection with their opposition to the motion to dismiss. Dkt. 22.

The Court held a hearing on September 8, 2020. After considering the arguments at the hearing, the parties' briefs, the relevant law, and the case file, the Court **GRANTS** the motion to dismiss for the reasons and on the conditions discussed below. The Court also **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' request for judicial notice.

### I. BACKGROUND

This discussion of the background facts is based primarily on the allegations of Plaintiffs' complaint. On April 29, 2018, Yoshihiro Umeda and others with whom he was riding motorcycles stopped behind a small van on the far-right land of the Tomei Expressway near Tokyo, Japan to assist following an accident that involved a member of their group. Dkt. 1 (Complaint) ¶ 23. Mr. Umeda was standing alongside several motorcycles, which were parked in an effort to redirect traffic away from the scene of the accident. *Id.*

On the same day, Nobuyuki Ito drove his 2016 Tesla Model X vehicle onto the Tomei Expressway and turned on the Autopilot function of his Tesla vehicle. *Id.* ¶ 24. He drove without incident for approximately 30 minutes. *Id.* At one point during this period, the Event Data Recorder in the Tesla detected the driver's hands on the steering wheel. *Id.* ¶ 25. Also at some point during this period, the Mr. Ito felt drowsy and had begun to doze off. *Id.*

When the Tesla approached the scene of the earlier accident, it struck the motorcycles and Mr. Umeda as they stood on the side of the expressway. *Id.* ¶ 28. Mr. Umeda, who was 44 years old, was killed. *Id.* ¶ 28. The driver, Mr. Ito, was subsequently convicted of criminal negligence and sentenced to three years in prison (suspended for five years) in a criminal proceeding in a Japanese court. Dkt. 15-1 ¶ 9.

The driver of the Tesla; the victim, Mr. Umeda; and Plaintiffs in this case, who are Mr. Umeda's spouse and child, are all Japanese citizens. *Id.* ¶ 10. The Tesla involved in the crash was sold to the driver in Japan. *Id.* The Defendant in this lawsuit, Tesla Inc., is a Delaware corporation with its principal place of business in Palo Alto, California, which is within this judicial district. Dkt. 1 ¶ 18.

On April 28, 2020, Plaintiffs filed the complaint in this action, asserting causes of action against Tesla for strict liability - design defects; strict liability - failure to warn; negligence; wrongful death; loss of consortium; and survival action. Dkt. 1. Plaintiffs seek damages, including punitive damages, as well as injunctive relief. *Id.* ¶¶ 133-136.

## II. LEGAL STANDARD

"The doctrine of *forum non conveniens* allows a court to dismiss a case properly before it when litigation would be more convenient in a foreign forum." *Cooper v. Tokyo Elec. Power Co., Inc.*, 860 F.3d 1193, 1210 (9th Cir. 2017). Dismissal based on *forum non conveniens* is "an exceptional tool to be employed sparingly." *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000). Moreover, plaintiffs are not required to choose the "optimal forum" for their claim. *Id.*

To prevail on a motion to dismiss based on *forum non conveniens*, the defendant bears the burden of demonstrating that an adequate alternative forum exists and that the balance of private and public interest factors favors dismissal. *Cooper*, 860 F.3d at 1210. There is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). However, "[b]ecause the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." *Id.* at 255-56.

"Generally, an alternative forum is available where the defendant is amenable to service of process and the forum provides 'some remedy' for the wrong at issue." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1178 (9th Cir. 2006) (citations omitted). The private interest factors relevant to a *forum non conveniens* analysis are:

> (1) The residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Cooper*, 860 F.2d at 1211 (citation omitted). The public interest factors include:

> (1) The local interest in the lawsuit; (2) the court's familiarity with the governing law; (3) the burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving a dispute unrelated to a particular forum.

*Id.* (citation omitted).

"The *forum non conveniens* determination is committed to the sound discretion of the trial court." *Piper Aircraft*, 454 U.S. at 257.

3

### III. REQUEST FOR JUDICIAL NOTICE

In connection with their opposition to the motion to dismiss, Plaintiffs request that the Court take judicial notice of 12 documents. Dkt. 22 ("RJN"). Tesla objects to the request for RJN as to all but one document on relevance and other grounds. Dkt. 26 at 8-14.

The court may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. However, even if matters sought to be proved are not subject to reasonable dispute, judicial notice of those matters is not appropriate if those matters are not relevant to the issues in the case. *See Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 991 n. 8 (9th Cir. 2012) (denying judicial notice of appeals in other cases where issues on appeal were not relevant to present case).

- **RJN Exs. 1 and 2:** Exhibits 1 and 2 are court records from another case pending against Tesla in this judicial district. Court records are the proper subject of judicial notice. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *Roca v. Wells Fargo Bank*, No. 15-cv-02147-KAW, 2015 WL 5698749, at *4 (N.D. Cal. Sept. 29, 2015). However, the *forum non conveniens* analysis is based on the unique facts of each case, and thus the Court finds that these court records, offered to show that Tesla did not seek to dismiss another action in this District concerning a five-year old girl in Ukraine whose finger was injured by a door latch on a Tesla vehicle, are not relevant to the Court's determination of whether the present case should be dismissed on grounds of *forum non conveniens*. Accordingly, the Court **DENIES** Plaintiffs' request for judicial notice of Exhibits 1 and 2.

- **RJN Exs. 3-5:** Exhibits 3-5 are articles from various publications concerning personnel changes on Tesla's Autopilot team. Although articles may be judicially noticed for their existence and content, this does not establish the truth of any statements in the documents. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); see *also Threshold Enterprises Ltd. v. Pressed Juicery,* No. 19-cv-3716-JSW, 2020 WL 1694361, at *3 (N.D. Cal. Apr.

7, 2020). The fact that there may be former Tesla employees with knowledge of the Autopilot development process is relevant to the Court's consideration of where relevant evidence is located, but Tesla does not dispute that fact. Moreover, these exhibits do not establish, without grounds for dispute, the reasons for such personnel changes. Although the Court could take judicial notice of the fact that these articles were published, Plaintiffs have not demonstrated that such a fact is relevant. Accordingly, Plaintiffs' request for judicial notice of Exhibits 3-5 is **DENIED.**

- **RJN Exs. 6-7**: Exhibit 6 is an article regarding vehicle sales in California, and Exhibit 7 is a report from the California New Car Dealers Association regarding projected automobile sales in the state. Evidence concerning the sale of Tesla vehicles in California has some relevance to show the state's interest in ensuring the safety of such vehicles. However, Tesla does not dispute that it sells and will continue to sell cars in this state. For the reasons set forth above with respect to the news articles at Exhibits 3-5, the Court **DENIES** Plaintiffs' request to take judicial notice of Exhibit 6, which is a news article and does not establish the facts reported without grounds for dispute. Although Exhibit 7 appears to be an industry report, rather than a news article, a report containing forecasts about Tesla's expected sales of vehicles in California does not establish the truth of such forecasts, and thus Exhibit 7 is of limited, if any relevance, to the issue of *forum non conveniens*. Accordingly, Plaintiffs' request for judicial notice of Exhibit 7 is also **DENIED.**

- **RJN Exs. 8-11:** Exhibits 8-11 consist of various federal governmental records and reports. Plaintiffs offer Exhibits 8 and 11 to show that concern about automated self-driving vehicle technology, and specifically Tesla's Autopilot, "have been the subject of congressional hearings [and] governmental regulatory investigations." The Court concludes that these documents are not subject to a reasonable dispute and are the proper subjects of judicial notice. *See Roca*, 2015 WL 5698749, at *4. Accordingly, the Court **GRANTS** Plaintiffs' request for judicial notice of Exhibits

8 and 11 for the limited purpose of showing that the safety of automated self-driving vehicle technology in general, and Tesla's Autopilot in particular, have been the subject of congressional hearings and governmental regulatory investigations.  Plaintiffs offer Exhibits 9 and 10 for the same purpose that they offer Exhibits 6 and 7 discussed above:  to show that Tesla is a leading automotive seller in California.  Dkt. 21 at 14.  For the same reasons discussed with respect to Exhibits 6 and 7, the Court **DENIES** Plaintiffs' request for judicial notice of Exhibits 9 and 10 because they cannot be considered for their truth (the only purpose for which they are offered) and are therefore not relevant.

- **RJN Ex. 12:** Exhibit 12 is an article about the accident that is the subject of this case.  Plaintiffs offer this exhibit for the purpose of showing that automated self-driving vehicle technology, and specifically Tesla's autopilot, have been the subject of public attention in California and the United States generally.  Dkt. 21 at 14-15.  The Court **GRANTS** Plaintiffs' request for judicial notice of Exhibit for the limited purpose of proving that the article was published, but not for the truth of any matter contained in the article.

## IV. EVIDENTIARY OBJECTIONS

Plaintiffs object to Tesla's reply in support of the motion to dismiss, as well as the supplemental declaration of Atsushi Yamashita filed with the reply.  Dkt. 27.  Plaintiffs argue that the reply and supplemental declaration contain evidence and argument that should have been submitted with Tesla's moving papers.  *Id.*  Plaintiffs also argue that Mr. Yamashita's supplemental declaration contains improper and objectionable expert opinions.  *Id.*  Tesla argues that the Court should overrule Plaintiffs' objections because the objections contain further argument, in violation of Civil Local Rule 7-3(d)(1).  Dkt. 30.

To the extent Mr. Yamashita's supplemental declaration provides facts in response to arguments set forth in Plaintiffs' opposition to the motion to dismiss, it is proper reply material and Plaintiffs' objections are overruled.  Where the supplemental declaration provides new facts to further support Tesla's burden on this motion in the first instance, Plaintiffs' objections are

1    sustained. To the extent either party offers argument in support of its respective position on the
2    motion, rather than asserting or responding to evidentiary objections, such argument is disregarded
3    by the Court. Accordingly, the Court rules as follows on the Yamashita objections:

- Para. 2 – Objection Overruled
- Para. 3 – Objection Overruled
- Para. 4 - Objection Sustained
- Para. 5 – Objection Overruled
- Para. 6 – Objection Overruled
- Para. 7 – Not relevant, not considered
- Para. 8 – Objection Overruled
- Para. 9 – Objection Overruled

**V.     MOTION TO DISMISS BASED ON *FORUM NON CONVENIENS***

    **A.     Deference to Plaintiffs' choice of forum**

Because Plaintiffs are citizens of Japan, their decision to file suit in this District is entitled to less deference than is normally afforded a plaintiff's choice of forum. *Piper Aircraft,* 454 U.S. at 256; *see also In re Air Crash Over the Mid-Atlantic on June 1, 2009*, 792 F. Supp. 2d 1090, 1094 (N.D. Cal. 2011) ("a foreign plaintiff's forum choice is entitled to less deference"). "But less deference is not the same thing as no deference." *Ravelo Monegro*, 211 F.3d at 514. "Concerns about forum shopping, while appropriately considered in the *forum non conveniens* analysis, are muted in a case … where the Plaintiffs' chosen forum is both the defendant's home jurisdiction, and a forum with a strong connection to the subject matter of the case." *Cariajano v. Occidential Petroleum Corp.*, 643 F.3d 1216, 1229 (9th Cir. 2011).

 Plaintiffs have legitimate reasons to file suit in this District. Tesla is headquartered here, and relevant evidence concerning the design of the Tesla Autopilot system is located here. Accordingly, the Court affords some deference to Plaintiffs' choice of forum despite the fact that Plaintiffs are foreign citizens.

////

////

### B. Adequacy of Japan as alternative forum

Tesla argues that Japan is an adequate alternative forum because Tesla is subject to Japanese jurisdiction and will stipulate to service in Japan for the events underlying this action. Dkt. 15 at 2. Plaintiffs agree that Japan is an adequate alternative forum. Dkt. 21 at 4 ("Plaintiffs concede that Tesla is able to meet this low threshold of establishing the existence of an alternative forum"). Nevertheless, a brief discussion of the relevant facts and law underpinning this factor is supportive of the Court's ultimate decision.

The test for whether an adequate alternative forum exists is, as Plaintiffs acknowledge, "easy to pass; typically, a forum will be inadequate only where the remedy provided is so clearly inadequate or unsatisfactory, that it is no remedy at all." *Tuazon*, 433 F.3d at 1178 (internal quotation marks and citations omitted). The fact that a plaintiff cannot bring the "exact suit" in the alternative forum that she brought here or that "United States law offers Plaintiffs a greater potential remedy for their losses" does not render the alternative forum inadequate. *Lueck v. Sundstrand Corp.,* 236 F.3d 1137, 1144 (9th Cir. 2001). Similarly, the lack of jury trials in Japan "does not render Japanese courts an inadequate forum." *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 768 (9th Cir. 1991). Moreover, a court may resolve ambiguities about the adequacy of an alternative forum by imposing conditions on the dismissal of the case, such as requiring the defendant to consent to service of process in the alternative forum. *See, e.g., Tuazon*, 433 F.3d at 1178. Indeed, the Ninth Circuit has repeatedly found Japan to be an adequate alternative forum, including in cases involving claims for negligence and strict liability. *See, e.g., Cooper*, 860 F.3d at 1210; *Lockman Found.,* 930 F.2d at 769.

Tesla puts forth that Japanese law provides redress for the injuries and causes of action alleged in Plaintiffs' complaint. Dkt. 15 at 2-3; *see also* Dkt. 15-1 (Yamashita Decl.) ¶¶ 11, 14. Specifically, Tesla submits a declaration from a Japanese lawyer, Mr. Yamashita, who explains that Japanese law provides monetary remedies for the torts of products liability and negligence. Dkt. 15-1 ¶ 11. Japan has a sophisticated, well-developed legal system that is not affected by corruption and delay. *Id.* ¶ 12. Tesla is also willing to accept conditions to ensure the availability of a Japanese forum for Plaintiffs' claims, including: (1) stipulating to service of process in this

1  case in Japan for the events underlying this action; (2) agreeing to the enforceability of any

2  Japanese judgment obtained by Plaintiffs in Japan, California, and elsewhere in the United States

3  where Tesla has assets; and (3) agreeing to toll any applicable statute of limitations and to waive

4  the right to assert a statute of limitations defense in a Japanese forum for four years from the date

5  of a final order from this Court or the Ninth Circuit.  Dkt. 15 at 2; Dkt. 26 at 7.  Under these

6  circumstances, the Court holds that Tesla satisfied its burden to demonstrate the existence of an

7  adequate alternative forum in Japan.

### C. Private and public interest factors

Tesla emphasizes two main factors that it argues favor dismissal:  access to evidence and Japan's greater interest in the case.  *See* Dkt. 15.  In arguing that the private and public interest factors weigh in favor of Japan, Tesla emphasizes the negligence, specifically the personal injury, aspects of the case, pointing out that much of the evidence regarding the accident that killed Mr. Umeda is located in Japan.  *See, e.g., id.* at 9.  Plaintiffs, on the other hand, cast this case as primarily a products liability case in which the main issue is the design of the Tesla Autopilot system in California.  *See, e.g.,* Dkt. 21 at 13-15.  Both sides' arguments oversimplify this case, which involves both negligence and products liability claims, as well as damages.  With this understanding, the Court now turns to the public and private interest factors upon which Tesla relies in arguing for dismissal.

#### 1. Access to evidence

Both sides point to evidence located in their desired jurisdictions.  Tesla emphasizes that the driver of the Tesla, the car itself, a passenger witness, all other third-party witnesses and first responders to the accident, and evidence regarding Plaintiffs' damage claims are all located in Japan.  Dkt. 15 at 4-5.  Some of these arguments are questionable.  For example, at the hearing Tesla indicated that it is not sure that the car still exists.  Nor is Tesla certain that it will have access to the driver even if the case is brought in Japan, although at the hearing it claimed that there would be a procedure for it to ask the Japanese court to order the driver to testify if he does not agree.  Moreover, Tesla does not dispute, but rather ignores, the representation that the data log for the subject car is already available to either party regardless of jurisdiction.  Dkt. 21 at 6.

9

1  However, although Tesla overstates the evidence that will be available only if this case proceeds in
2  Japan, Tesla is correct that certain liability evidence from third parties, as well as important
3  evidence concerning Plaintiffs' damages claims, is located in Japan.

4  Tesla further argues, persuasively, that access to third party evidence in Japan for a
5  proceeding in the U.S. would be at best extraordinarily cumbersome, time-consuming, expensive
6  and with uncertain results. Dkt. 15-1 (Yamashita Decl.) ¶ 15 ("Japan is not a party to the Hague
7  Convention . . . [T]he third party cannot be compelled to produce such documents or be
8  interviewed or deposed. . . Japanese law also does not allow for Japanese citizens to appear at a
9  deposition telephonically or by remote video for use in U.S. litigation.") Interestingly, Plaintiffs'
10 declaration of Toshifumi Minami, detailing the requisite steps for a U.S. Court, but noticeably not
11 a party, to request information from a Japanese court, further supports this conclusion. Dkt. 21-4
12 ¶¶ 9, 10, 13 (detailing proceedings under the Consular Convention, the Act on Assistance Based
13 on Commission by Foreign Courts, and the use of a bar association referral system under the
14 Attorney Act).

15 Nevertheless, in arguing that the case should proceed in this District, Plaintiffs explain that
16 the record of the criminal case in Japan can be and in fact has been made available to Tesla for use
17 in this action. Dkt. 21 at 6. Plaintiffs also point to relevant evidence regarding the design of the
18 Tesla Autopilot feature that is located in California, namely critical Tesla employees as well as
19 former employees of Tesla who may possess relevant information. *Id.* at 4-6. Finally, Plaintiffs
20 urge that litigation in Japan makes no provision for discovery from third parties outside of Japan.
21 Dkt. 21-4 (Minami Decl.) ¶ 11.

22 In sum, the parties have demonstrated that relevant evidence is located in both California
23 and Japan. In carefully weighing the parties' showing regarding access to evidence, particularly
24 their respective need for and access to third-party evidence and evidence of damages, the Court
25 concludes that this factor favors dismissal. Most of the evidence identified by Plaintiffs concerns
26 the design of Autopilot and is in the possession of Tesla, and Tesla will agree to conditions to
27 ensure the production of such evidence for use in a Japanese action. *See* Dkt. 26 at 7; *see also*
28 hearing. To this end, the Court will condition dismissal on Tesla's agreement that Plaintiffs' may

1    utilize the procedure set forth in Federal Rule of Civil Procedure 30(b)(6) for deposing Tesla in an
2    action brought in Japan based on the facts of this case.  These protections will help ensure that
3    Plaintiffs can obtain relevant evidence in the possession of Tesla and its present employees.  The
4    Court recognizes that the conditions it will impose cannot ensure that Plaintiffs will be able to
5    obtain evidence that may be in the possession of third parties located outside Japan, such as former
6    Tesla employees.  The Court notes that Plaintiffs may have other avenues to pursue such evidence,
7    such as the ability to seek discovery in the United States for use in a Japanese proceeding pursuant
8    to 28 U.S.C. § 1782, although the Court is not in a position to predict whether such efforts will
9    succeed.

10         By contrast to the evidence sought by Plaintiffs, which is either under Tesla's control or
11   may be available through other avenues, the evidence located in Japan is, as a practical matter,
12   unavailable to Tesla if the case remains in this Court.  Plaintiffs state that they have produced to
13   Tesla the findings from the Japanese criminal case, which allegedly include factual findings about
14   the circumstances of the accident that killed Mr. Umeda. Dkt. 21 at 6.  However, the Court is
15   unable to evaluate whether such material adequately addresses Tesla's evidentiary concerns
16   because Plaintiffs have not provided this material to the Court.  Moreover, although it is possible
17   that the Court could take judicial notice of the criminal case materials if the relevant evidentiary
18   standards are met, judicial notice only establishes the existence of court documents, not the truth
19   of the facts recited in those documents. *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir.
20   2001).  In any event, regardless of what liability-related evidence might be available to Tesla if the
21   case proceeds here, Plaintiffs have not overcome Tesla's showing that much of the damages-
22   related evidence would not be available to Tesla.  At the hearing, Plaintiffs represented that the file
23   from the Japanese criminal case contains some information about Mr. Umeda's pay stubs but
24   again, the Court cannot evaluate the extent of such evidence because Plaintiffs have not provided
25   it to the Court.  Finally, and significantly, Plaintiffs have not shown that such evidence would be
26   admissible in a case in this Court.

27        In sum, the production of evidence by Tesla in a Japanese action can be achieved through
28   procedures available in the Japanese court and through conditions imposed by this Court.  By

11

1  contrast, it will be difficult if not impossible for Tesla to compel non-parties to produce evidence
2  located in Japan if the action proceeds in this Court.  Under these circumstances, "the balance of
3  the private interest factors concerning access to relevant evidence tips in favor of dismissal."  *In re*
4  *Air Crash Over Mid-Atlantic on June 1, 2009*, 760 F. Supp. 2d 832, 844 (N.D. Cal. 2010).

### 2. Forums' relative interests in the litigation

As addressed above, each party distorts the nature of this case to support its *forum non conveniens* argument.  This case is not purely a product liability action focusing on a product designed and manufactured in California by a California-based company.  Nor is it simply a personal injury case involving an accident that occurred in Japan.  This case involves both types of claims.  As such, the nature of the claims does not by itself dictate which forum is more convenient or would better serve the interests of justice.

Despite their rhetoric, neither side seriously disputes that both California and Japan have an interest in this case, nor could they.  Tesla is headquartered in this District and manufactures and sells cars in this District and throughout the state of California, and therefore this District has an interest in ensuring the safety of those products.  *See Carijano*, 643 F.3d at 1232; *Lueck*, 236 F.3d at 1147.  At the same time, Japan has an interest in an action involving a fatal accident involving a Japanese victim, driver, and car.  *See Lueck*, 236 F.3d at 1147. The Court therefore finds that this factor does not tip strongly in favor of either forum.

### D. Conclusion on *forum non conveniens*

Plaintiffs had legitimate reasons to bring this action in this District because Tesla is headquartered here, there is relevant evidence located here, and Plaintiffs' claims, particularly their products liability claims, touch on important interests of this District and the State of California.  However, these factors are outweighed by the fact that evidence key to Tesla's defense on both liability and damages will be effectively unavailable if the case proceeds in this Court. Plaintiffs concede that Japan is an adequate alternative forum for this action, and the Court will impose conditions on the dismissal of the case to help ensure that relevant evidence under Tesla's control is made available to Plaintiffs in a Japanese action.

## VI. CONCLUSION

For the reasons discussed, Tesla has met its burden of demonstrating that an adequate alternative forum exists and that the balance of private and public interest factors favors dismissal. Accordingly, Tesla's motion to dismiss based on *forum non conveniens* is **GRANTED** on the following conditions:

1. Tesla will accept service of process in a case brought in Japan for the events underlying this action;
2. Any Japanese judgment obtained by Plaintiffs will be enforceable against Tesla in Japan, California, and elsewhere in the United States where Tesla has assets;
3. Any applicable statute of limitations is tolled, and Tesla will waive the right to assert a statute of limitations defense in a Japanese forum for five years from the date of a final order from this Court or the Ninth Circuit;
4. Tesla will work with Plaintiffs and make available, on a reasonable basis, witnesses for deposition and trial as well as the production of documents pursuant to an appropriate protective order for information that is highly confidential consisting of trade secrets and proprietary information concerning the design of Tesla vehicles; and
5. Plaintiffs are permitted to use the procedure set forth in Federal Rule of Civil Procedure 30(b)(6) in deposing Tesla.

**SO ORDERED.**

Dated: September 23, 2020

SUSAN VAN KEULEN
United States Magistrate Judge