Edward C. Chen (SBN 312553)
YK Law LLP
300 Spectrum Center Dr., Ste. 400
Irvine, CA 92618
(949) 754-2862
echen@yklaw.us

Joel Greer (*pro hac vice pending*)
Nathaniel Reisenberg (*pro hac vice pending*)
ZELO (Foreign Law Joint Enterprise)
NTT Hibiya Building 8F
1-1-6 Uchisaiwaicho, Chiyoda-ku
Tokyo 100-0011
Telephone: +81 3 6868 6770
joel.greer@zelojapan.com
nathan.reisenburg@zelojapan.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

TOMOMI UMEDA, an individual, on behalf of herself and as successor in interest to YOSHIHIRO UMEDA, deceased, and MIYU UMEDA, a minor, individually and on behalf of herself and as heir to YOSHIHIRO UMEDA, deceased,

Plaintiffs,

v.

TESLA, INC. dba TESLA MOTORS, INC. and DOES 1-10, inclusive,

Defendant.

Case No.: 5:20-cv-2926-SVK

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION; DECLARATIONS OF EDWARD C. CHEN, SHOTARO NAGAI AND NOBUYOSHI ITO IN SUPPORT**

| | |
|---|---|
| Hearing Date: | December 1, 2020 |
| Time: | 10:00 a.m. |
| Judge: | Honorable Susan van Kuelen |
| Courtroom: | Courtroom 6 – 4th Floor |
| Action filed: | April 28, 2020 |
| Trial Date: | Not Yet Set |

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 1, 2020, at 10:00 a.m. or as soon thereafter as the matter may be practicably heard in the Courtroom of the Honorable Susan Van Keulen, located at Courtroom 6 of the United States District Court, Northern District of California, San Jose Division, or via teleconferencing technology at the direction of this Court, Plaintiffs Tomomi Umeda and Miyu Umeda ("Plaintiffs") will, and hereby do, move this Court for an Order granting Plaintiffs' Motion to Reconsider the Court's Order Granting Defendant's Motion to Dismiss on Grounds of Forum Non Conveniens (Dkt. 34).

Local Rule 7-9, which requires parties to seek leave of the court prior to the filing of a motion for reconsideration prior to entry of judgment adjudicating all claims, and for non-final, interlocutory orders, is not applicable here, as dismissals based upon *forum non conveniens* grounds are considered to be final and instantly appealable. *Nidec Corp. v. Victor Co. of Japan, Ltd.*, 2007 WL 418092 (N.D. Cal. 2007); *see also Ayco Farms v. Ochoa*, 862 F.3d 945 (9th Cir. 2017); 28 U.S.C. § 1291.

Therefore, Plaintiffs' Motion is made pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) and is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Edward C. Chen, Shotaro Nagai, Nobuyoshi Ito, and the accompanying Exhibits thereto, and all other papers filed in this action and oral testimony or other information which may be introduced at the hearing on this Motion.

Dated: October 21, 2020

**YK LAW LLP**

By: */s/ Edward C. Chen*
Edward C. Chen
*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**


**I. INTRODUCTION ........ 5**

**II. PROCEDURAL HISTORY ........ 5**

**III. FACTUAL BACKGROUND ........ 6**

**A. Documents Filed by Driver of the Vehicle from Japanese Bankruptcy Court Proceeding Confirm That the Tesla Model X Vehicle is No Longer Available** ........ 6

**B. The Driver of the Vehicle Agrees to Testify as a Witness if Called Upon for Trial in This Forum** ........ 6

**IV. LEGAL STANDARD ........ 7**

**A. Rule 59(e)** ........ 8

**B. Rule 60(b)** ........ 8

**VI. ARGUMENT ........ 9**

**A. 59(e) Reconsideration is Warranted Here Based Upon Newly Discovered Evidence** ........ 9

**B. 60(b) Reconsideration is Warranted Here Where the Court Applied the Incorrect Standard, Incorrectly Assumed Facts Regarding Availability of Damages Evidence, and Improperly Concluded That Japanese Interests Outweigh American Interests in Self-Driving Technology** ........ 11

*i. The Court did not apply the correct standard and newly discovered evidence mandates reconsideration and reversal.* ........ 11

*ii. The Court made improper assumptions regarding the availability of damages evidence.* ........ 12

*iii. The Court erred in its ruling on the public interest factors and improperly disregards the unique and special circumstances of the fatal crash.* ........ 13

**C. Evidence That the Tesla Vehicle Was Sold Is "Newly Discovered" and Any Delay Attributable to Plaintiffs' Post-Hearing, Post-Order Submission of the Driver's Declaration Does Not Rise Above Excusable Neglect** ........ 14

**VI. CONCLUSION ........ 15**

# TABLE OF AUTHORITIES

**Cases**

*Alul v. Am. Honda Motor Co., Inc.*, Case No. 16-cv-4384-JST, 2016 WL 7116934, at *4 (N.D. Cal. Dec. 7, 2016) ........ 13

*Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001)........ 8

*Carjiano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1231 (9th Cir. 2011)........ 10

*Cheng v. Boeing Co.*, 708 F.2d 1406 (9th Cir. 1983) ........ 12

*Classic Concepts, Inc. v. Linen Source, Inc.*, 716 F.3d 1282, 1286 (9th Cir. 2013)........ 9

*Godfrey v. Warden PVSP*, Case No. 20-01381 BLF (PR), at *1 (N.D. Cal. Aug. 10, 2020)........ 8

*Hendricks v. StarKist*, Case No. 13-cv-729-YGR, 2014 WL 1245880, at *4 (N.D. Cal. Mar. 25, 2014) ........ 13

*In Re Ex Parte Application of Dr. Yuichiro Yasuda and Yu Mental Clinic* Case No. 19-mc-80156-TSH at *6 (N.D. Cal. Feb. 20, 2020)........ 16

*Jones v. Ryan*, 733 F.3d 825, 839 (9th Cir. 2013) ........ 10

*Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ........ 9

*Lemoge v. United States*, 587 F.3d 1188, 1195, 1198 (9th Cir. 2009)........ 15

*Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004)........ 15

Pioneer *Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993) ........ 15

*Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000)........ 12

*Ridgway v. Phillips*, Case. No. 18-cv-07822-HSG, at *10, (N.D. Cal. Apr. 18, 2019)........ 14

*McDowell v. Calderon*, 197 F.3d 1253, 1255 n.3 (9th Cir. 1999)........ 8

*Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)........ 9

*Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011). ........ 9

**Statutes**

Fed. R. Civ. P. 59(e) ........ 9

Fed. R. Civ. P. 60........ 9

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), Plaintiffs Tomomi Umeda and Miyu Umeda ("Plaintiffs") respectfully ask this Court to reconsider its September 23, 2020 Order Granting Defendant's Motion to Dismiss on Grounds of Forum Non Conveniens (Dkt. 34). Reconsideration and relief from a dismissal of this case based upon *forum non conveniens* grounds is justified because the Tesla Model X vehicle involved in the underlying accident at issue is unavailable for inspection and discovery by the parties as this vehicle has already been sold off or auctioned to an unknown and non-related third-party buyer. This newly discovered fact is confirmed by evidence received by Plaintiffs post-hearing and consists of documents recently available to Plaintiffs in connection with Japanese bankruptcy court proceedings by the driver of the vehicle at issue and his wife.

Reconsideration and relief from the Court's dismissal is further warranted because the driver of the Tesla Model X vehicle that struck and killed Mr. Yoshihiro Umeda has voluntarily agreed to cooperate with any discovery that the parties may require from him and is amenable to participating as a trial witness in the United States if called upon by either of the parties. Combined together, the fact that the vehicle at issue is unavailable for discovery or inspection and the fact that the driver of the vehicle has agreed to accommodate any requests for discovery and to appear in the United States as a witness for trial completely undermine the arguments made by Defendant Tesla, Inc.'s ("Tesla") in its dismissal motion. Tesla's prior arguments regarding its inability to obtain discovery or otherwise to effectively defend itself are manifestly unsustainable, and Tesla therefore cannot meet the heavy burden of proof borne by parties that seek dismissal based upon the *forum non conveniens* doctrine.

## II. PROCEDURAL HISTORY

Plaintiffs initiated this action on April 28, 2020, asserting claims against Tesla for strict liability, design defects, wrongful death, loss of consortium, and a survival action. (Dkt. 1). On July 8, 2020, Tesla filed its motion to dismiss the complaint, seeking dismissal on *forum non conveniens grounds*. (Dkt. 15). This Court held a hearing on September 8, 2020. (Dkt. 33). On September 23, 2020, this Court issued an

order granting Tesla's motion to dismiss on grounds of *forum non conveniens* and ordered dismissal of this action. (Dkt. 34).

## III. FACTUAL BACKGROUND

### A. Documents Filed by Driver of the Vehicle from Japanese Bankruptcy Court Proceeding Confirm That the Tesla Model X Vehicle is No Longer Available

On July 1, 2020, the driver of the Tesla involved in the fatal crash filed for bankruptcy and thereby initiated the bankruptcy process before a Japanese bankruptcy court. (Declaration of Shotaro Nagai ¶ 3) ("Nagai Decl."). The bankruptcy court proceedings then began on August 3, 2020 by proceeding with the initial hearings, with Plaintiffs receiving notice from the court of the commencement of the bankruptcy proceedings on August 7, 2020. *Id.*

On September 4, 2020, Plaintiffs made a formal request to the bankruptcy court in order to obtain disclosure of the records of the bankruptcy case. *Id. at* ¶ 4.

On September 9, 2020, Plaintiffs received responsive documents which consisted of several filings made by the driver in the bankruptcy proceedings. *Id.* at ¶ 5. Among these documents was a document titled "Notice of Resale Price, which included a proposed sale price for the driver's vehicle and indicated that such vehicle would be sold at that specific price unless any objections were received. *Id.* at ¶ 6.

On October 8, 2020 Plaintiffs received a document titled "Notice of Resale Results" dated October 5, 2020 which confirmed that the Tesla had been sold to an unrelated third-party. *Id.* at ¶ 10, Exhibit B.

### B. The Driver of the Vehicle Agrees to Testify as a Witness if Called Upon for Trial in This Forum

After the hearing was held before this Court on Tesla's motion to dismiss based upon *forum non conveniens*, Plaintiffs' counsel took heed of the remarks made by the Court, specifically regarding the status of the driver of the Tesla Model X vehicle that struck and killed Mr. Umeda and whether efforts to depose or otherwise call upon the driver to testify as a witness in this forum would or would not be successful. Declaration of Edward C. Chen ¶ 3 ("Chen Decl."). Plaintiffs' counsel convened to discuss the possibility of seeking Plaintiffs' permission and approval in contacting the driver in order to ascertain whether the driver would potentially be amenable to participating in the discovery process and whether

the driver would be willing to testify as a witness for trial in this forum. *Id.* at ¶ 4. On September 21, 2020, Plaintiffs' counsel discussed and agreed to move forward with obtaining Plaintiffs' approval in order to reach out to the driver of the vehicle. *Id.* at ¶ 4-5, Exhibit C. Despite the sensitive nature of the request by Plaintiffs' counsel, Plaintiffs' nevertheless agreed and approved the attempted contact with the driver by Plaintiffs' counsel. *Id.*

On September 24, 2020, after receiving approval from Plaintiffs to do so, Plaintiffs' Japan counsel reached out to counsel for the driver and explained that Plaintiffs wanted meet with the driver to discuss whether the driver would be willing to testify as a witness if called upon for a trial in the instant forum. (Nagai Decl. ¶ 8). On September 30, 2020, Plaintiffs' Japan counsel met with counsel for the driver and the driver himself, Mr. Nobuyoshi Ito, whereby Mr. Ito was informed of this Court's recent order granting dismissal of the case. *Id.* at ¶ 9; Declaration of Nobuyoshi Ito ¶¶ 4-5, ("Ito Decl."). Thereafter, Mr. Ito agreed to make himself available and open to the process of discovery in the United States, including being available if called upon as a witness in a trial in this forum. *Id.* at ¶ 6. Mr. Ito further declared that he would accommodate any requests for deposition and discovery as necessary. *Id.* at ¶ 7.

## IV. LEGAL STANDARD

Where the court's ruling has resulted in a final judgment or order (*e.g.*, after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *Godfrey v. Warden PVSP*, Case No. 20-01381 BLF (PR), at *1 (N.D. Cal. Aug. 10, 2020) (quoting *Am. Ironworks & Erectors v. N. Am. Constr. Corp*., 248 F.3d 892, 898-99 (9th Cir. 2001)). The denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b). *See McDowell v. Calderon*, 197 F.3d 1253, 1255 n.3 (9th Cir. 1999). Furthermore, "the major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Pyramid Lake Paiute Tribe of Indians v. Hode*l, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co*., 433 F.2d 713, 715 (9th Cir. 1970)).

**A. Rule 59(e)**

A motion to alter or amend judgment under Rule 59 must be made no later than twenty-eight days after entry of judgment. *See* Fed. R. Civ. P. 59(e) (eff. Dec. 1, 2009); *Classic Concepts, Inc. v. Linen Source, Inc.*, 716 F.3d 1282, 1286 (9th Cir. 2013). A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell* 197 F.3d at 1255. A district court has "considerable discretion" in deciding a Rule 59(e) motion. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). Accordingly, reconsideration pursuant to Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Evidence is not newly discovered for purposes of a Rule 59(e) motion if it was available prior to the district court's ruling. *See Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011).

**B. Rule 60(b)**

Under Federal Rule of Civil Procedure 60(b), a party may seek reconsideration of a final judgment or court order for any reason that justifies relief, including:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

Motions for reconsideration pursuant to Rule 60(b) must be made within a "reasonable time," and as to grounds for relief (1) - (3), no later than one year after the judgment was entered. *See* Fed. R. Civ. P. 60(b). Fed. R. Civ. P. 60(b). Rule 60(b)(6)'s "catchall provision" applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *See Jones v. Ryan*, 733 F.3d 825, 839

(9th Cir. 2013). The movant "must show 'extraordinary circumstances' justifying the reopening of a final judgment." *Id*.

## VI. ARGUMENT

### A. 59(e) Reconsideration is Warranted Here Based Upon Newly Discovered Evidence

As the Court found in its original ruling, Tesla "emphasizes two main factors that it argues favor dismissal: access to evidence and Japan's greater interest in the case." (Dkt. 34, p. 9, ln. 9-10). Tesla further "emphasizes the negligence, specifically the personal injury, aspects of the case, pointing out that much of the evidence regarding the accident that killed Mr. Umeda is located in Japan." *Id.* at ln. 11-13. Lastly, Tesla "emphasizes that the driver of the Tesla, the car itself, a passenger witness, all other third-party witnesses and first responders to the accident, and evidence regarding Plaintiffs' damage claims are all located in Japan." *Id.* at ln. 20-23. The questions of this Court regarding Tesla's arguments about the availability of evidence, including the Tesla vehicle and the driver of the vehicle, if this case is brought in Japan were legitimate concerns raised by the Court. *Id.* at ln. 23-27.

As described above, Plaintiffs have been able to confirm that the Tesla vehicle at issue has already been sold to an unrelated, non-party to the present litigation. (Nagai Decl. ¶ 10, Exhibit B). Furthermore, the question regarding whether Tesla would be able to obtain testimony from the driver of the Tesla vehicle that struck and killed Mr. Umeda has been resolved because the driver has attested by sworn declaration and agrees that he will appear and testify in this forum. It was (and is) Tesla's burden to show the unwillingness of non-party witnesses to testify. *See Carjiano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1231 (9th Cir. 2011). While it was not their burden to do so, Plaintiffs' previous proffer of evidence that at least one Japanese eyewitness to the fatal crash would be willing to testify in an American court should have been evidence enough to establish Tesla's failure to meet its burden of proof for a *forum non conveniens* dismissal as to whether any witnesses are purportedly unwilling to testify in this forum. *See* Dkt. 21-5, Declaration of Shuhei Sasaki. Combined with the declaration from the driver of the Tesla vehicle agreeing to participate as a third-party witness in this forum, along with the newly discovered fact

that the Tesla vehicle has already been sold, this Court should reconsider its ruling that the private factor relating to access of evidence weighs in favor of dismissal.

Plaintiffs have now addressed and effectively dispatched Tesla's main argument regarding access to evidence. If the case proceeds in this forum, there is now no question whether Tesla can access what it considers to be key evidence to support its defense (namely, testimony from the driver of the Tesla vehicle that struck and killed Mr. Umeda). As the Court is aware, given the centrality of Plaintiffs' products liability claims in this action, Plaintiffs dispute the materiality and importance of the driver's testimony relative to that of Tesla's current and former Autopilot-related managers and engineers. In its dismissal order the Court said that this case "involves both negligence and products liability claims" (Dkt. 34, p. 9, ln. 16), but the Court did not evaluate the relative materiality and importance of different witnesses' testimony. Even assuming *arguendo* the relevance of the driver's testimony to a defense of negligence that Tesla may raise, neither Tesla nor the Court has explained the materiality and importance of testimony from other non-party witnesses to any such defense. Plaintiffs submit that there was (and is) no compelling rationale in this regard. In any event, Tesla now will be able to obtain testimony from the driver – doubtless the most significant witness from Tesla's perspective – if the Court reconsiders and the action proceeds in this forum.

In sum, reconsideration under Rule 59(e) is warranted here, where newly discovered evidence shows that the Tesla vehicle involved in the crash in which Mr. Umeda was killed has already been sold and is otherwise unavailable for discovery and inspection by either Plaintiffs or Tesla, and where it is now clear that the driver of the Tesla Model X vehicle that struck and killed Mr. Umeda is willing to testify at a trial in this forum. Tesla is therefore unable to reasonably claim that it will be prejudiced by an inability to access evidence in Japan, and thus the private interest factor of access to evidence does not weigh in favor of dismissal. Accordingly, Plaintiffs respectfully request that this Court reconsider its initial ruling and find that the private factors in support of *forum non conveniens* dismissal weigh in favor of retaining Plaintiffs' action in this forum.

/ / /

**B. 60(b) Reconsideration is Warranted Here Where the Court Applied the Incorrect Standard, Incorrectly Assumed Facts Regarding Availability of Damages Evidence, and Improperly Concluded That Japanese Interests Outweigh American Interests in Self-Driving Technology**

*i. The Court did not apply the correct standard and newly discovered evidence mandates reconsideration and reversal.*

In its ruling, the Court held that the burden of a party seeking dismissal under the doctrine of *forum non conveniens* must demonstrate that "an adequate alternative forum exists and that the balance of private and public interest factors weighs dismissal." (Dkt. 34, p. 3, ln. 6-8). While the Court was correct to utilize a balancing test of the private and public interest factors to determine whether the instant action should be dismissed, the Court's analysis and conclusion did not correctly include or reflect the overarching and more stringent standard applied by courts within this circuit. In *Cheng v. Boeing Co.*, 708 F.2d 1406 (9th Cir. 1983), the Ninth Circuit held that "the standard to be applied [to a motion for dismissal on the ground of *forum non conveniens*] is whether . . . defendants have made a clear showing of facts which . . . establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience, which may be shown to be slight or nonexistent. . . ." *Id*. at 1410; *see also Ravelo Monegro v. Rosa,* 211 F.3d 509, 514 (9th Cir. 2000) (*citing Cheng v Boeing Co.*); *Carjiano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1227 (9th Cir. 2011) (stating that "the district court consistently understated [defendant's] heavy burden of showing that the [California] forum results in 'oppressiveness and vexation . . . out of all proportion' to the plaintiffs' convenience").

In its prior submissions and briefings and at the hearing, Tesla failed to establish that litigating in the present forum would be so "oppressi[ve]" and "vexatio[us]" as to warrant a dismissal under the *forum non conveniens* doctrine. In any event, as explained above, the driver of the Tesla Model X vehicle that struck and killed Mr. Umeda is now willing to testify at a trial in this forum. Further, the Tesla vehicle involved in the crash in which Mr. Umeda was killed has already been sold and is otherwise unavailable for discovery and inspection by either Plaintiffs or Tesla. Given that Tesla's argument in regard to the availability and access to evidence in Japan has now been indisputably refuted, Tesla cannot credibly claim now that litigation in this forum rises to the level of "oppression" and "vexation" required for a

*forum non conveniens* dismissal. Tesla will not be inconvenienced by having to litigate the instant matter in this forum. [1]

*ii. The Court made improper assumptions regarding the availability of damages evidence.*

In further support of its reasoning for dismissal, the Court held that Plaintiffs had not "overcome Tesla's showing that much of the damages-related evidence would not be available to Tesla." (Dkt. 34, p. 11, ln. 20-22). Plaintiffs represented to the Court that the Japanese criminal proceedings contain information regarding damages, and the Court responded that "significantly, Plaintiffs have not shown that such evidence would be admissible in a case in this Court." (Dkt. 34, p. 11, ln. 25-26). Plaintiffs, however, are unaware of any damages-related evidence that would be unavailable to Tesla and would not be admissible in this Court. In particular, damages-related evidence is not merely in the criminal court case records; it is in the possession of Plaintiffs themselves. This damages-related evidence includes any and all documents regarding Mr. Umeda's income, medical records, and funeral expenses. (Chen Decl. ¶ 6). There are no records of hospital expenses or medical treatment here because Mr. Umeda died at the accident scene. *Id*.

Given that the parties had yet to begin the discovery phase of this litigation and had not yet made the required disclosures under Rule 26 of the Federal Rules of Civil Procedure, Plaintiffs take issue with the Court's findings regarding ultimate admissibility of damages-related evidence. The Court appears to have assumed that the evidence relating to damages is contained only within the record of the Japanese criminal case, and the Court's ruling overlooks or incorrectly disregards that Plaintiffs can and will introduce such evidence that is in their possession to support their damages' claims at a later stage of this litigation. Thus, the Court's conclusion regarding availability of damages-related evidence was made prematurely and was based on the mistaken assumption that all such evidence is located solely among

[1] In addition, courts in this district have found that "the convenience of a litigant's employee witnesses are entitled to little weight because litigants are able to compel their employees to transfer at trial, regardless of forum." *Alul v. Am. Honda Motor Co., Inc.*, Case No. 16-cv-4384-JST, 2016 WL 7116934, at *4 (N.D. Cal. Dec. 7, 2016); *see also SkyRiver Tech. Solutions, LLC v. OCLC Online Computer Library Ctr., Inc.*, Case No. 10-cv-3305-JSW, 2010 WL 4366127, at *3 (N.D. Cal. Oct. 28, 2010); *Hendricks v. StarKist*, Case No. 13-cv-729-YGR, 2014 WL 1245880, at *4 (N.D. Cal. Mar. 25, 2014).

documents filed in the Japanese criminal proceedings. The Court's reasoning in regards to the admissibility of such evidence is misplaced, as the available damages-related evidence would be introduced directly by Plaintiffs and Plaintiffs would not be relying solely upon requests for this Court to judicially notice such damages-related evidence. Reconsideration is warranted to the extent that the Court found that evidence regarding damages was solely limited to the records from Japanese criminal proceedings only.

*iii. The Court erred in its ruling on the public interest factors and improperly disregards the unique and special circumstances of the fatal crash.*

While the Court correctly held that this action and Plaintiffs' products liability claims "touch on important interests of this District and the state of California" (Dkt. 34, p. 12, ln. 20-23), it erred by concluding that the interests of both the American and Japanese forums were neutral and did not "tip strongly in favor of either forum" *Id.* Plaintiffs presume that such reasoning may be attributed to the fact that the Court did not fully consider the unique circumstances of this action and did not grant any consideration to the fact that this is not a case involving a Tesla driver versus Tesla the manufacturer. Rather, this case involves a pedestrian, who, standing in a physically blocked-off lane of a slow-moving highway, was struck and killed by a sleeping driver whose dozing was enabled by software that was developed, designed, and installed by Tesla in its vehicles.

Plaintiffs are seeking to recover on their claims against Tesla which directly relate to issues of products liability. Any evidence of negligence by the driver of the Tesla vehicle is neither relevant nor material to the "efficient resolution of Plaintiffs' actual claims." *Ridgway v. Phillips*, Case. No. 18-cv-07822-HSG, at *10, (N.D. Cal. Apr. 18, 2019). The Court should therefore reconsider its ruling on the interests of both forums and find that the factor involving forum interests should have weighed in favor of retaining this case in the current forum**.** After considering the important factor that the decedent Mr. Umeda was a pedestrian bystander and not a driver of a Tesla vehicle, the Court should not have given equal weight to the nature of the claims at issue here.

/ / /

**C. Evidence That the Tesla Vehicle Was Sold Is "Newly Discovered" and Any Delay Attributable to Plaintiffs' Post-Hearing, Post-Order Submission of the Driver's Declaration Does Not Rise Above Excusable Neglect**

Plaintiffs anticipate that Tesla will oppose the instant motion by asserting either that the newly discovered evidence regarding the sale of the Tesla vehicle was already known to Plaintiffs and therefore not new as required by when a party seeks reconsideration. Or, that Plaintiffs have not acted diligently in the pursuit of obtaining the driver's declaration and agreement to testify as a witness in this forum. Both arguments in opposition to reconsideration fail and, ultimately, it is Plaintiffs who face the risk of extreme prejudice should reconsideration be denied and the Court's dismissal stand unreversed.

First, while Plaintiffs were aware that the driver of the Tesla vehicle had initiated bankruptcy proceedings in Japan, Plaintiffs did not receive final written confirmation that the Tesla vehicle had been sold until after the parties had completed briefing and after the hearing had occurred. (Nagai Decl. ¶ 10, Exhibit B). As noted above, the document which confirms that the vehicle had been sold was issued on October 5, 2020 and was provided to Plaintiffs on October 8, 2020. *Id.* Thus, the bar on reconsideration for facts that are not "newly discovered" does not apply here, as Plaintiffs did not have access to such evidence at an earlier time.

Secondly, Tesla may assert that reconsideration should not be granted here when Plaintiffs have submitted the declaration of the Tesla driver after the briefings and hearing had already occurred. However, any delay attributable to Plaintiffs' in obtaining the driver's declaration does not rise above the level of excusable neglect that would prevent Plaintiffs from seeking reconsideration of the Court's prior ruling. Under Rule 60(B), when evaluating whether neglect is excusable, a district court must consider "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (*citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)). In addition, when the circumstances of the case so warrant, courts should consider, and give proper weight to, any prejudice to the movant if he or she were denied relief. *Lemoge v. United States*, 587 F.3d 1188, 1195, 1198 (9th Cir. 2009).

Here, the danger of prejudice that Plaintiffs face if the case does not proceed in this forum is unmistakable as Plaintiffs will be unable to effectively litigate their claims against Tesla due to the large number of ex-Tesla employees that Plaintiffs seek to depose who are outside the scope and reach of the Japanese courts, and whose testimony is highly material to Plaintiffs' claims. Plaintiffs acted diligently after learning of this Court's ruling and the great weight that the Court placed on the private factor of access to evidence particularly in regards to third-party witnesses in Japan (notwithstanding that Tesla had failed to meet its burden to show that any witness is unwilling to testify), and there has not been a significant delay since the Court issued its ruling. Plaintiffs acted with great diligence and attempted to reach out to the driver in good faith to determine whether he would be willing to testify in this forum. It is Plaintiffs, and not Tesla, who would face extreme prejudice and burden were reconsideration denied and dismissal of this action not reversed. *See In Re Ex Parte Application of Dr. Yuichiro Yasuda and Yu Mental Clinic*, Case No. 19-mc-80156-TSH at *6 (N.D. Cal. Feb. 20, 2020) (court finding excusable neglect despite moving party having access to the evidence prior to court issuing order and holding that the "[a]pplicants have shown they would be prejudiced as without the name of the anonymous account holder, they are unable to proceed with their defamation lawsuit.").

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs' respectfully request that the Court reconsider its ruling and, in light of the new facts presented, reverse its dismissal of this case.

Date: October 21, 2020

**YK LAW LLP**

By: */s/ Edward C. Chen*
Edward C. Chen
*Attorneys for Plaintiffs*