Edward C. Chen (SBN 312553)
YK Law LLP
300 Spectrum Center Dr., Ste. 400
Irvine, CA 92618
(949) 754-2862
echen@yklaw.us

Joel Greer (*pro hac vice pending*)
Nathaniel Reisenberg (*pro hac vice pending*)
ZELO (Foreign Law Joint Enterprise)
NTT Hibiya Building 8F
1-1-6 Uchisaiwaicho, Chiyoda-ku
Tokyo 100-0011
Telephone: +81 3 6868 6770
joel.greer@zelojapan.com
nathan.reisenburg@zelojapan.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| TOMOMI UMEDA, an individual, on behalf of herself and as successor in interest to YOSHIHIRO UMEDA, deceased, and MIYU UMEDA, a minor, individually and on behalf of herself and as heir to YOSHIHIRO UMEDA, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC. dba TESLA MOTORS, INC. and DOES 1-10, inclusive,<br><br>Defendant. | Case No.: 5:20-cv-2926-SVK<br><br>**PLAINTIFFS' REPLY TO TESLA INC.'S OPPOSITION TO MOTION FOR RECONSIDERATION**<br><br>Hearing Date:   December 1, 2020<br>Time:           10:00 a.m.<br>Judge:          Honorable Susan van Keulen<br>Courtroom:      Courtroom 6 – 4th Floor<br><br>Action filed:   April 28, 2020<br>Trial Date:     Not Yet Set |

1

## I.  ARGUMENT

Tesla previously argued that the lack of access to the subject Tesla vehicle and the unavailability of the driver of this vehicle in this forum were grounds for *forum non conveniens* dismissal. Tesla now disputes the significance of newly discovered facts, both of which have addressed, and indeed substantially resolved, Tesla's prior concerns relating to accessibility of evidence. Plaintiffs have established that the subject vehicle has been sold at auction to an unknown third-party, thereby addressing Tesla's concerns regarding it not having physical access of the vehicle. Additionally, the driver of the Tesla vehicle has agreed to appear as a witness for trial in this forum if called upon. As Plaintiffs also have explained, evidence regarding damages is in the Plaintiffs' possession. With this issue, the issue of physical access to the subject vehicle, and the issues regarding the driver's availability now addressed, Tesla is unable to meet its burden of proof and cannot reasonably make a requisite showing that would warrant dismissal. Reconsideration and reversal of the Court's prior order of dismissal is proper and should be granted here.

### A.  *Forum Non Conveniens* Dismissal Is Not a Dismissal on the Merits.

Tesla begins its opposition by citing to *Goodworth Holdings Inc. v. Suh*, 239 F. Supp. 2d 947 (N.D. Cal. 2002), which involved reconsideration of an order on summary judgment, a merits-based dismissal. Tesla then compares the conclusion in *Goodworth* and seeks to apply it here by contending that Plaintiffs are attempting a second bite at the proverbial apple. Such comparison is manifestly inapposite and should be disregarded as the present proceedings have yet to consider the substantive merits of Plaintiffs' claims. It has been well-established that a dismissal based on *forum non conveniens* is not a merits-based dismissal. *Sinochem Intern. Co. Ltd. v. Malay. Intern. Shipping Corp.*, 549 U.S. 422, 423 (2007) (citing *American Dredging*, 510 U.S., at 454, ) ("*[f]orum non conveniens* is a nonmerits ground for dismissal."). Accordingly, it is undisputable that Plaintiffs are not attempting to "relitigate" the underlying matter here, but rather are requesting that the Court reconsider and reverse its prior order dismissing this case on non-merits, *forum non conveniens* grounds.

/ / /

PLAINTIFFS' REPLY TO TESLA'S OPPOSITION
TO MOTION FOR RECONSIDERATION
Case No. 5-20-cv-02926-SVK

**B. Tesla Bears the Burden of Proof, Not Plaintiffs.**

The Defendant, as the moving party, bears the burden of proof in seeking dismissal based on *forum non conveniens*. *See Piper Aircraft v. Reyno* 45 US 235, 238 (1981) ("[o]f course, defendants must provide enough information to enable the District Court to balance the parties' interests."). Nonetheless, Tesla's opposition would have one believe that Plaintiffs are to blame for not having discovered that the vehicle had been sold or for not reaching out to the driver of this vehicle earlier. Plaintiffs should not be prejudiced by Tesla's failure to meet the burden of proof necessary for a showing that *forum non conveniens* dismissal is warranted. *See Bos. Telecomms Grp. v Wood,* 588 F.3d 1201, 1212 (9th Cir. 2009) ("the district court did not hold [the defendant] to his burden of making 'a clear showing of facts which establish such oppression and vexation of a defendant as to be out of proportion to plaintiffs' convenience.'").

Tesla's arguments in support of its request for *forum non conveniens* dismissal, and its attempts to shift the burden of proof to Plaintiffs, are without foundation. Furthermore, Tesla says that "[a] reasonable investigation into the status of the subject vehicle would have uncovered well before October, that [driver] no longer possessed the vehicle" (Tesla's Opp., ECF Dkt. 40 at 5:8-11). If true, it is Tesla, not Plaintiffs, who should have conducted this investigation. Tesla argues that the alleged failure to contact the driver of the subject vehicle by Plaintiffs' counsel and neglect to determine the status of the vehicle prior to the hearing is not excusable, without any regard to the fact that it was not Plaintiffs burden to do so. Plaintiffs should not be penalized for the shortcomings and failures of Tesla and its counsel. Tesla even goes as far as to cite the transcript which pertains to this Court's questions regarding the status of the vehicle, failing to clearly identify to which counsel the Court directed such questions:

> **Court**: Is the car available for inspection, again, if the suit were in Japan?
>
> **Tesla's Counsel**: The answer is we don't know if the vehicle is available in Japan. We don't have custody or control of it. So we're assuming it's still there.

(Transcript of Hearing 11:22-23; 12:5-7.)

///
///

3

PLAINTIFFS' REPLY TO TESLA'S OPPOSITION
TO MOTION FOR RECONSIDERATION
Case No. 5-20-cv-02926-SVK

In sum, The Court should reject Tesla's attempts to shift the burden of discovery to Plaintiffs and should hold Tesla to account for its failure to meet its burden of proof as to the Tesla vehicle and the availability of witnesses in Japan to testify in this forum.

**C. Tesla Fails to Identify and Establish the Existence of Any Unwilling Witnesses**

Tesla's opposition also attempts to improperly shift the burden of proof that warrants a dismissal based on *forum non conveniens* grounds, by arguing that Plaintiffs did not exercise reasonable due diligence in seeking a declaration from the driver of the subject Tesla vehicle, Mr. Ito. Again, it is Tesla's burden of proof to establish the requisite facts and evidence that would support and warrant dismissal here. While the party seeking a *forum non conveniens* dismissal "is not required to identify potentially unavailable witnesses in exact detail," its general assertion of non-party witness unavailability, without identification of even a single unavailable witness, is entitled to little weight. *See Carijano vs. Occidental Petroleum Corp.,* 643 F.3d 1216, 1231 (9th Cir. 2011); s*ee also In re Volkswagen "clean Diesel" Mktg, Sales & Practices, & Prods. Liab. Litig*., MDL No. 2672 CRB (JSC), 15-16 (N.D. Cal. Jan. 4, 2017) ("While Defendants need not provide a comprehensive list of potential unwilling witnesses, their general assertion of non-party witness unavailability, without identification of even a single unavailable witness, is entitled to little weight. *See Carijano*, 643 F.3d at 1231 ("'When no witness' unwillingness has been alleged or shown, a district court should not attach much weight to the compulsory process factor.'") (*quoting Duha v. Agrium, Inc.*, 448 F.3d 867, 877 (6th Cir. 2006)).

Tesla's moving papers and opposition to the instant reconsideration request are devoid of any facts or evidence indicating that a single Japanese witness would be unwilling to cooperate as a trial witness or otherwise participate in an American adjudication of this case. Contrary to Tesla's arguments regarding the diligence of Plaintiffs' counsel in investigating Plaintiffs claims here, Plaintiffs and Plaintiffs' counsel have acted with utmost diligence in the prosecution and investigation of the present claims. This is evidenced by the fact that Plaintiffs initially submitted the sworn declaration of an eyewitness and bystander to the accident at issue. (*See* ECF Dkt. 21-5, Declaration of Shuhei Sasaki). The Court should have given more weight and consideration to Plaintiffs' proffered evidence at the prior hearing stage, and

4

PLAINTIFFS' REPLY TO TESLA'S OPPOSITION
TO MOTION FOR RECONSIDERATION
Case No. 5-20-cv-02926-SVK

certainly should do so at the current reconsideration stage now, where Plaintiffs have been able to obtain the driver's declaration that he is willing to testify. *See Carijiano, supra*, at 1231 ("[t]he district court failed to consider countervailing evidence in the form of five declarations from named former [Defendant] employees who were in Peru during the relevant time period who indicated a willingness to testify in the Central District"). Reconsideration is therefore warranted here and the private factor regarding access to witnesses and evidence should not be held as being in favor of dismissal.

### D. Reconsideration Under Rule 59(e) Is Warranted And Any Delay Does Not Rise Above A Level of Excusable Neglect That Would Generally Prohibit Reconsideration

A Rule 59(e) motion "may not be used to raise arguments or present evidence for the first time when they could *reasonably* have been raised earlier." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis added)  Therefore, evidence that could not have *reasonably* been raised earlier is admissible and may be presented for the first time and in the context of reconsideration as is the situation here.

Tesla argues that reconsideration is not warranted because Plaintiffs allegedly failed to exercise adequate due diligence prior to the Court's hearing. In Tesla's opinion, it is unreasonable for a family to prefer not to be in contact with the driver of a vehicle that struck and killed one of their family members. This posture betrays a startling lack of human sympathy. Plaintiffs consider that it was and is reasonable not to want to have contact with the driver and that it was reasonable for Plaintiffs' counsel and Plaintiffs not to have done so initially. In any event, it was and is Tesla's burden to show that the driver was unwilling and unavailable to testify, and manifestly Tesla cannot meet that burden now that Plaintiffs have shown otherwise.

### E. Plaintiffs Possess Damages Evidence

In the order granting Tesla's motion to dismiss, the Court stated as to damages' evidence: "Plaintiffs have not overcome Tesla's showing that much of the damages-related evidence would not be available to Tesla. At the hearing, Plaintiffs represented that the file from the Japanese criminal case contains some information about Mr. Umeda's pay stubs but again, the Court cannot evaluate the extent of such evidence because Plaintiffs have not provided it to the Court." (Dkt. 34, p. 11, ln. 21-25.)

5

PLAINTIFFS' REPLY TO TESLA'S OPPOSITION
TO MOTION FOR RECONSIDERATION
Case No. 5-20-cv-02926-SVK

In this regard, the Court may have assumed that evidence relating to damages in this case exists solely in the criminal court record. As Plaintiffs have explained, however, Plaintiffs themselves, who are the family members of the deceased, possess this evidence and can produce it. Plaintiffs have never asserted anything to the contrary. Tesla's contention that the foregoing is "an improper use of a Rule 59(e) or Rule 60(b) motion" is meritless. (Dkt. 40, p. 8, ln. 12.)

**F.  Plaintiffs Would Suffer Extreme Prejudice If Reconsideration is Denied**

Under Rule 60(B), when evaluating whether neglect is excusable, a district court must consider "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (*citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)). In addition, when the circumstances of the case so warrant, courts should consider, and give proper weight to, any prejudice to the movant if he or she were denied relief. *Lemoge v. United States*, 587 F.3d 1188, 1195, 1198 (9th Cir. 2009).

Here, as explained previously, the danger of prejudice that Plaintiffs face if the case does not proceed in this forum is unmistakable as Plaintiffs will be unable to effectively litigate their claims against Tesla due to the large number of ex-Tesla employees that Plaintiffs seek to depose who are outside the scope and reach of the Japanese courts, and whose testimony is highly material to Plaintiffs' claims. Plaintiffs maintain that they acted diligently after learning of this Court's ruling and the great weight that the Court placed on the private factor of access to evidence  particularly in regards to third-party witnesses in  Japan (notwithstanding that Tesla had failed to meet its burden to show that any witness is unwilling to testify), and there has not been a significant delay since the Court issued its ruling. Plaintiffs then acted with great diligence and attempted to reach out to the driver in good faith to determine whether he would be willing to testify in this forum.  It is Plaintiffs, and not Tesla, who would face extreme prejudice and burden were reconsideration denied and dismissal of this action not reversed.  *See In Re Ex Parte Application of Dr. Yuichiro Yasuda and Yu Mental Clinic*, Case No. 19-mc-80156-TSH at *6 (N.D. Cal. Feb. 20, 2020) (court finding excusable neglect despite moving party having

6

PLAINTIFFS' REPLY TO TESLA'S OPPOSITION
TO MOTION FOR RECONSIDERATION
Case No. 5-20-cv-02926-SVK

access to the evidence prior to court issuing order and holding that the "[a]pplicants have shown they would be prejudiced as without the name of the anonymous account holder, they are unable to proceed with their defamation lawsuit.").

### G. This is Principally a Products Liability Case Involving Defective Autopilot Technology and Software

Tesla previously argued that the potential evidence needed to defend itself, including "the subject vehicle, eye-witness testimony, first responder testimony, documents, and character and fact witness testimony concerning the driver's performance and operation of the vehicle" would render its ability to defend itself in this case useless. (Tesla's Reply, ECF 26 at 2:5-9). Putting aside that the issues of the subject Tesla vehicle and the driver have now been addressed, Tesla has yet to show the materiality of such evidence to this case, including the driver who was asleep when the fatal crash involving Mr. Umeda occurred. This action is principally a products liability case that involves defective Autopilot Technology and Software.

At the Court's hearing, even Tesla's counsel conceded that this is a case that primarily involves products liability claims:

| | |
|---|---|
| Tesla's Counsel: | My second point is this is a product liability claim. Plaintiffs' claims are product liability claims, and a product liability claim is the performance of the product is ultimately at issue. And, frankly, the apportionment of fault at the time of the performance is also at issue. |
| | So the place of that performance is particularly important, and that puts us in line with the airplane crash cases where the place of the crash was given great emphasis, and even more so in this case, we have a pretty clear contributory fault actor, a driver that was asleep at 2:30 p.m. So the place of the performance of the product is quite Important. |

(Transcript of Hearing 13:9-21).

Plaintiffs agree that this is principally a products liability case, but this action is not analogous to the "airplane crash cases" that Tesla suggests. Importantly, in those cases, issues such as the performance

7

of the airplane pilots in each of the crashes were unresolved. The Court in *Piper Aircraft* properly recognized the lingering, unresolved issues regarding the pilot's performance. *Piper Aircraft, supra*, at 259 ("[i]f [airplane manufacturers] can show that the accident was not caused by a design defect; but rather by the negligence of the pilot, the plane's owners, or the charter company, they will be relieved of all liability). The driver's performance is immaterial here, as this case involves a self-driving vehicle driven, at the time of the fatal crash, by a sleeping driver.

### H. The Driver is Not a Required or Necessary Party; Tesla Can Seek Indemnity in Japan

Tesla's opposition mentions that it would be unable to effectively allocate fault of the driver due the Court lacking the power to compel his appearance. Tesla further claims that it would be unable to assert that the driver is jointly and severally liable for damage and only in Japan will it be able to present live testimony regarding the driver's fault. These claims may ordinarily weigh in favor of dismissal, but such claims are unavailing here because the purported "live testimony" as to the driver's fault is neither fact-intensive nor complicated. Given that the driver's testimony in this respect can be summarized by two sentences -- "I fell asleep with Autopilot on. Both hands were on the steering wheel" -- it is clear that this case does not involve fact-intensive, liability-determinant testimony as it relates to the fault of the driver. This is not a case that involves complex issues regarding the operation of an airplane. As the Japanese criminal proceedings have conclusively established, and as the driver would be able to testify himself, the driver was asleep behind the wheel with Autopilot-engaged when the Tesla vehicle struck and killed Mr. Umeda.

Even if Tesla's claimed need to present live-testimony in regards to the driver's fault were found to have some bearing on the Court's *forum non conveniens* analysis, this is not a factor that weighs in favor of dismissal because the driver's agreement to testify at trial in this forum has been secured. Tesla's opposition and its initial moving papers seeking dismissal did not contain any convincing arguments regarding its ability to implead and/or apportion fault to the driver. *See Sund v. Marriott International, Inc.,* No. 8:2019cv02806, (D. Md. 2020) (court not permitted to give any significant weight for inability to implead where defendant fails to establish sufficient information about potential third-party liability or responsibility) (*citing Piper Aircraft,* 454 U.S. at 259 ("[t]he District Court correctly concluded that the

8

PLAINTIFFS' REPLY TO TESLA'S OPPOSITION
TO MOTION FOR RECONSIDERATION
Case No. 5-20-cv-02926-SVK

problems posed by the inability to implead potential third-party defendants . . . supported holding the trial in Scotland.").

The unique circumstances of this case weigh heavily in favor of retaining this forum, and the precedent that may be set regarding self-driving cars will undoubtedly have lasting implications that involve safety of the same. This case involves the first pedestrian fatality that is directly related to Tesla's Autopilot technology, and while unfortunate, it will certainly not be the last. Tesla has not, and cannot, establish that its purported inability to implead the driver warrants dismissal on inconvenience grounds. The public interest factors at present significantly outweigh any claimed inconvenience by Tesla, and it would be proper for the Court to determine that the implications that this case may have as it pertains to safety of the general American public, and as to entire world, warrants retention of the instant forum.

## II.   CONCLUSION

Accordingly, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Reconsideration, and that the Court reverse its September 23, 2020 dismissal based on *forum non conveniens* to allow the parties to proceed with litigating the merits of the case in this forum.

Date:  November 12, 2020                                          **YK LAW LLP**

                                                                                    By:     */s/ Edward C. Chen*
                                                                                              Edward C. Chen
                                                                                              *Attorneys for Plaintiffs*