UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMOMI UMEDA, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>TESLA INC.,<br><br>　　　　　Defendant. | Case No. 20-cv-02926-SVK<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 39 |

Before the Court is the motion of Plaintiffs Tomomi Umeda and Miyu Umeda ("Plaintiffs") for reconsideration of the Court's September 23, 2020 Order granting Defendant Tesla Inc.'s motion to dismiss on grounds of *forum non conveniens* (Dkt. 34 – the "Order"). Dkt. 39. Tesla opposes the motion for reconsideration. Dkt. 40. Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable for determination without oral argument. Plaintiffs have failed to establish any grounds for altering, amending, or setting aside the Order, and the Court therefore **DENIES** the motion for reconsideration.

**I.　DISCUSSION**

A complete factual background of this case is discussed in the Order and is not repeated here. *See* Dkt. 34 at 2. The following dates are relevant to certain of Plaintiffs' arguments in the motion for reconsideration. Tesla's motion to dismiss based on *forum non conveniens* was filed on July 8, 2020. Dkt. 15. The opposition and reply to the motion to dismiss were filed on July 29, 2020 and August 11, 2020, respectively. Dkt. 21, 26. The Order granting Tesla's motion to dismiss issued on September 23, 2020, following a hearing on September 8, 2020. Dkt. 34.

The Order granted Tesla's motion to dismiss on the grounds of *forum non conveniens*, on the condition that Tesla take certain steps to facilitate litigation of the parties' dispute in Japan. *Id.* at 13. In the Order, the Court summarized its conclusions as follows:

> Plaintiffs had legitimate reasons to bring this action in this District because Tesla is headquartered here, there is relevant evidence located here, and Plaintiffs' claims, particularly their product liability claims, touch on important interests of this District and the State of California. However, these factors are outweighed by the fact that evidence key to Tesla's defense on both liability and damages will be effectively unavailable if the case proceeds in this Court. Plaintiffs concede that Japan is an adequate alternative forum for this action, and the Court will impose conditions on the dismissal of the case to help ensure that relevant evidence under Tesla's control is made available to Plaintiffs in a Japanese action.

*Id.* at 12.

Plaintiffs now seek reconsideration of the Order pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). Dkt. 39 at 5.

### A.     Legal Standard

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration, and therefore "[a] motion so designated will be construed according to the type of relief sought." Jones, *et al.,* Rutter Group Prac. Guide: Fed. Civ. Trials & Ev. Ch. 20-C, § 20.273 (2020) (citing *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002)).[1] Such a motion is construed in one of two ways: (1) if the motion is filed within 28 days after the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); and (2) if the motion is filed more than 28 days after entry of judgment, it is considered a motion seeking relief from the judgment under Rule 60(b). Rutter Group Prac. Guide: Fed. Civ. Trials & Ev. Ch. 20-C, §§ 20:273.1-20:273.2 (citations omitted).

Plaintiffs' motion for reconsideration was filed within 28 days of the Order, and therefore under the authorities cited it above it is properly treated as a motion under Rule 59(e). However, Plaintiffs' motion seeks relief under both Rule 59(e) and Rule 60(b). Dkt. 39 at 5. For completeness, the Court will consider Plaintiffs' arguments under both Rule 59(e) and Rule 60(b).

### B.     Rule 59(e)

Rule 59(e) permits a party to file a motion to "alter or amend" a judgment no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). "Since specific grounds for a motion to

---

[1] As Plaintiffs note, Civil Local Rule 7-9 concerns motions to reconsider interlocutory orders and is not applicable here. Dkt. 39 at 2.

2

amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation omitted). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Id.* "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier." *Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Trust*, 979 F.3d 1209, 1218 (9th Cir. 2020) (internal quotation marks and citation omitted) (emphasis in original).

      Plaintiffs' motion for reconsideration argues that relief from the Order is warranted under Rule 59(e) based on newly-discovered evidence. Dkt. 39 at 9-10. Plaintiffs identify two items of evidence that they argue are newly-discovered. First, Plaintiffs argue that the Tesla automobile that was involved in the accident that is the subject of litigation "has already been sold to an unrelated, non-party to the present litigation." *Id.* at 9. Second, Plaintiffs provide information that the driver of the Tesla has now "attested by sworn declaration and agrees that he will appear and testify in this forum." *Id.* Plaintiffs argue that these items of evidence warrant reconsideration of the Order because in the Order, the Court noted that Tesla emphasized that much of the evidence regarding the accident that killed Mr. Umeda is in Japan, and that the driver, car, other witnesses, and damages evidence are all located in Japan. *Id.* (citing Order at 9). Plaintiffs concede that "[t]he questions of this Court regarding Tesla's arguments about the availability of evidence, including the Tesla vehicle and the driver of the vehicle, if this case is brought in Japan were legitimate concerns raised by the Court." Dkt. 39 at 9. However, they argue that Tesla cannot meet its burden of proof for a *forum non conveniens* dismissal in light of the "newly-discovered" evidence. *Id.* at 9-10.

### 1. Sale of Tesla vehicle involved in the accident

When the Court asked about the location of the Tesla vehicle at the hearing, Tesla's counsel responded that Tesla did not know if the vehicle was available in Japan. Dkt. 37 at 11-12. The location of the car was not a critical factor in the Court's *forum non conveniens* analysis because, as noted in the Order, "Tesla indicated [at the hearing] that it is not sure that the car still exists." Dkt. 34 at 9. The Court also noted that the vehicle log is available. Dkt. 34 at 9; *see also* Dkt. 37 at 11 (question from Court at hearing confirming that Tesla has the log from the car).

In any event, Plaintiffs have not demonstrated that evidence regarding sale of the vehicle could not have been raised earlier, in connection with Tesla's motion to dismiss. Tesla's motion to dismiss (filed on July 8, 2020) and its reply brief (filed on August 8, 2020) cited the location of the vehicle in Japan as one reason the case should be dismissed based on *forum non conveniens*. *See, e.g.,* Dkt. 15 at 4; Dkt. 26 at 2-3. Plaintiffs' motion for reconsideration suggests that they learned in connection with the driver's bankruptcy proceedings that the vehicle had been sold. Dkt. 39 at 6. Plaintiffs state they received notice of the driver's bankruptcy proceedings on August 7, 2020, which was during briefing on the motion to dismiss. *Id.*; Dkt. 39-2 ¶ 3. Despite being on notice at that time (from Tesla's motion to dismiss) that Tesla had identified the vehicle as evidence relevant to this case, Plaintiffs waited nearly a month, until September 4, 2020, to make a formal request for records of the bankruptcy case. Dkt. 39 at 6; Dkt 39-2 ¶ 4. Plaintiffs state that on September 9, 2020, they received documents regarding a proposed sale of the Tesla vehicle. Dkt. 39 at 6; Dkt. 39-2 ¶¶ 5-6. Although Plaintiffs indicate that they did not receive confirmation until October 5, 2020 that the vehicle had been sold (Dkt. 39-2 ¶ 11), evidence submitted with their motion for reconsideration indicates that the sale of the car was "effective February 26, 2020." Dkt. 39-4. This was almost five months before Plaintiffs filed their opposition to Tesla's motion to dismiss, and almost seven months before the Order issued. Plaintiffs have not demonstrated that they could not have learned at the time Tesla filed its motion to dismiss that the vehicle had been sold months before, or at least notified the Court prior to issuance of the Order on September 23, 2020 that they had information about the proposed sale of the car. However, Plaintiffs did not do so. Accordingly, Plaintiffs have not shown that evidence

4

of the vehicle's sale satisfies the standard for newly-discovered evidence.

### 2. Declaration of Tesla driver

Plaintiffs also offer evidence with their motion for reconsideration regarding the willingness of the driver of the Tesla involved in the accident, Mr. Ito, to appear and testify in this forum. *See* Dkt. 39-5. Plaintiffs admit that they did not contact Mr. Ito until *after* the hearing on the motion to dismiss. *See id.* ¶¶ 4-6; Dkt. 39-1 ¶ 5; Dkt. 39 at 6-7. This appears to have been a deliberate, tactical decision by Plaintiffs' counsel, who was concerned about the "sensitive nature" of the request and believed the existing evidence from the Japanese criminal case would be sufficient. Dkt. 39 at 6-7; Dkt. 39-1 ¶ 5. Plaintiffs have not shown that the evidence they now present regarding Mr. Ito's willingness to appear could not have been obtained before the Order issued.

Moreover, despite Mr. Ito's declaration stating that he is "willing to attend trial in the United States if called upon as a witness" and "shall accommodate any requests for oral deposition and written testimony to [his] best ability" (Dkt. 39-5 ¶ 7), the Court would not have the power to force Mr. Ito's appearance if he changed his mind and did not appear. Accordingly, even if Plaintiffs had presented evidence of Mr. Ito's willingness to appear here in connection with Tesla's motion to dismiss, that evidence would not have changed the Court's conclusion regarding *forum non conveniens*. In addition, even if Mr. Ito did appear in this forum, Plaintiff still has not shown that the testimony of other witnesses, including the passenger in the Tesla at the time of the accident, would be available here. This was an issue the Court discussed both at the hearing and in the Order. Dkt. 34 at 9-10; Dkt. 37 at 21-23.

### 3. Conclusion on Rule 59(e)

As explained above the evidence upon which Plaintiffs rely in their motion for reconsideration does not constitute "newly-discovered evidence" under Rule 59(e) standards. Accordingly, Plaintiffs' motion to reconsider the Order pursuant to Rule 59(e) is **DENIED**.

### C. Rule 60(b)

Rule 60(b) empowers a district court to set aside a judgment for any of the following reasons: (1) "mistake, inadvertence, surprise or excusable neglect"; (2) "newly discovered

5

evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; (3) "fraud …. misrepresentation, or misconduct by an opposing party"; (4) "the judgment is void"; (5) "the judgment has been satisfied released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b); *see also School Dist. N. 1J, Multnomah Cnty., Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). "Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary." *Reynolds v. Lomas*, No. C 11-03218 JSW, 2012 WL 4714525, at *1 (N.D. Cal. Oct. 3, 2012), *aff'd*, 554 F. App'x 548 (9th Cir. 2014) (*citing Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir.1981)).

Here, Plaintiffs' motion for reconsideration seeks relief from the Order under Rule 60(b), arguing that the Court (1) erred in balancing the interests of the parties; (2) made improper assumptions regarding the availability of damages evidence; and (3) erred in evaluating the interests of the California and Japan forums. Dkt. 39 at 11-13.

### 1. Balancing of parties' interests

Plaintiffs argue that the Court applied the wrong legal standard in balancing the parties' interests, which Plaintiffs argue required Tesla to make a clear showing that litigating this case in California would cause oppression and vexation out of proportion to Plaintiffs' convenience. Dkt. 39 at 11-12. "The circuits are split as to whether errors of law may be corrected under Rule 60 motions." *Perez v. State Farm Mut. Auto. Ins. Co.,* 291 F.R.D. 425, 430 (N.D. Cal. 2013) (citations omitted). Even if such relief is available, however, Plaintiffs have not established that the Court applied the wrong legal standard. The Court articulated in the Order that dismissal based on *forum non conveniens* is "an exceptional tool to be employed sparingly" and that Tesla bore "the burden of demonstrating that an adequate alternative forum exists and that the balance of private and public interest factors favors dismissal." Dkt. 34 at 3 (citations omitted). The Court noted the relevant private and public interest factors. *Id.* The Court afforded Plaintiffs' choice of this forum some deference despite the fact that Plaintiffs are foreign citizens whose choice of forum is entitled to less deference than is normally afforded a plaintiff's choice of forum. *Id.* at 7

(citations omitted). The Court then discussed relevant private and public interest factors in detail and concluded that Tesla had carried its burden. *Id.* at 9-13. With respect to the private interest factors, the Court noted that "the production of evidence by Tesla in a Japanese action can be achieved through conditions imposed by this Court" whereas "it will be difficult if not impossible for Tesla to compel non-parties to produce evidence located in Japan if the actions proceeds in this Court." *Id.* at 11-12; *see also id.* at 12-13 (conditions imposed on dismissal). Plaintiffs have failed to demonstrate any error in the Court's legal analysis.

Plaintiffs also argue that the "newly-discovered" evidence concerning the sale of the Tesla vehicle and Mr. Ito's willingness to appear in this action changes the balance of the parties' interests. Dkt. 39 at 11-12. "Relief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Feature Realty, Inc. v. City of Spokane,* 331 F.3d 1082, 1093 (9th Cir. 2003) (citation omitted). As discussed above, the evidence cited by Plaintiffs in support of their motion for reconsideration of the Order does not meet this standard. Plaintiffs could have presented this evidence earlier but without justification failed to do so, and the evidence would not have changed the disposition of Tesla's motion to dismiss in any event.

Moreover, the Court rejects Plaintiffs' argument that their delay in obtaining Mr. Ito's declaration "does not rise above the level of excusable neglect." Dkt. 39 at 14-15. As Plaintiffs acknowledge (*see id.*), in evaluating a claim of excusable neglect under Rule 60(b), the Court considers factors including (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993)). As explained above, the delay in obtaining Mr. Ito's declaration was within Plaintiffs' control, and they have

not offered satisfactory reasons for the delay.  Also informing the Court's analysis of whether Plaintiffs' neglect is excusable is the danger of prejudice to Tesla and delay of judicial proceedings should Mr. Ito change his mind about testifying in this forum.  As noted above, this Court is powerless to compel Mr. Ito's appearance.

### 2. Damages evidence

Plaintiffs next argue that the Court improperly concluded that much of the damages-related evidence would not be available to Tesla if the case proceeds in this District. Dkt. 39 at 12-13.  In their motion for reconsideration, Plaintiffs now argue that "damages-related evidence is not merely in the criminal court case records; it is in the possession of Plaintiffs themselves" and includes "any and all documents regarding Mr. Umeda's income, medical records, and funeral expenses." Dkt. 39 at 12.  Plaintiffs also state that "[t]here are no records of hospital expenses or medical treatment because Mr. Umeda died at the accident scene." *Id.*  Plaintiffs' motion for reconsideration appears to argue that the Court made a mistaken assumption or that Plaintiffs were surprised by the Court's conclusion as to the damages evidence.  Neither argument is supported by the record.

"There is no per se rule governing what constitutes 'mistake, inadvertence, surprise, or excusable neglect.'" *Int'l Allied Printing Trades Ass'n. v. Am. Lithographers, Inc.*, 233 F.R.D. 554, 555 (N.D. Cal. 2006) (*citing Pioneer*, 507 U.S. at 395 *and Pincay*, 389 F.3d at 855).  The Court therefore considers the circumstances of this case.  The accessibility of damages-related evidence was raised in the briefs on the motion to dismiss. *See, e.g.,* Dkt 15 at 4-5.  Moreover, the issue was discussed extensively at the hearing on that motion. *See* Dkt. 37 at 12, 23-24.  Tesla argued that it needed evidence including "employment information, medical costs." *Id.* at 29.  The Court specifically asked Plaintiffs' counsel if the underlying criminal action included damages evidence, and counsel responded:

> There is some.  I mean, as [Defendant's counsel] brought up, you know, the disputed wage, I know there's evidence of his wages and his time cards and salary and things like that.  So it was – you know, that was touched upon during the criminal proceeding in Japan.

8

*Id.* at 24.[2]

Although Plaintiffs now argue that damages-related evidence is in their possession, not only in the records of the criminal action in Japan, the time for Plaintiffs to determine and make arguments about the existence and location of such evidence was in briefing or at the hearing on the motion to dismiss. The question of where damages-related evidence was located was squarely raised in the motion to dismiss and at the hearing. Given this record, relief from the judgment is not warranted on this issue.

### 3. Interests of the California and Japan forums

Plaintiffs argue that the Court "erred by concluding that the interests of both the American and Japanese forums were neutral and 'did not tip strongly in favor of either forum.'" Dkt. 39 at 13 (quoting Order at 12). Plaintiffs argue that the Court "did not fully consider the unique circumstances of this action and did not grant any consideration to the fact that <u>this is not a case involving a Tesla driver versus Tesla the manufacturer</u>" but instead "<u>involves a pedestrian</u>" who was killed "by a sleeping driver whose dozing was enabled by software that was developed and installed by Tesla in its vehicles." Dkt. 398 at 13 (emphasis in original). Plaintiffs argue that this case concerns "issues of products liability" and "[a]ny evidence of negligence by the driver of the Tesla vehicle is neither relevant nor material to the 'efficient resolution of Plaintiffs' actual claims.'" *Id* (citation omitted).

This portion of Plaintiffs' motion for reconsideration simply restates arguments made in connection with the motion to dismiss. The Order addresses the factual background of the case at length and expressly considers the fact that the case is, in part, a products liability case. *See, e.g.,* Dkt. 34 at 2, 9-12. Plaintiffs have not demonstrated that the Court erred in its conclusions that this case involves both products liability and negligence claims and that both forums have an interest in this case.

---

[2] The Court noted in the Order that it might be able to take judicial notice of the records of the criminal action in Japan if the relevant evidentiary standards are met, but judicial notice would establish only the existence of the documents, not the truth of the facts recited therein. Dkt. 34 at 11.

### 4. Conclusion on Rule 60(b)

As discussed in the foregoing sections, the Court concludes that the standards for setting aside the Order under Rule 60(b) have not been met and therefore **DENIES** Plaintiffs' motion for reconsideration under Rule 60(b).

## II. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration pursuant to Rule 59(e) and 60(b) is **DENIED.**

**SO ORDERED.**

Dated: January 15, 2021

SUSAN VAN KEULEN
United States Magistrate Judge